*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

In re STYLES/BENDER, Minors.

UNPUBLISHED
July 27, 2023

No. 363907
Cheboygan Circuit Court
Family Division
LC No. 19-008836-NA

Before: RIORDAN, P.J., and MARKEY and YATES, JJ.

PER CURIAM.

Respondent-appellant (respondent) appeals as of right an order terminating his parental rights to two children under MCL 712A.19b(3)(c)(*i*) (failure to rectify conditions leading to adjudication), (c)(*ii*) (failure to rectify additional conditions), (g) (failure to provide proper care or custody), and (j) (reasonable likelihood of harm to the child if returned to the parent).[1] We affirm.

This case was initiated in 2019, when petitioner, the Department of Health and Human Services (DHHS), sought to remove the children from respondent's home because he allegedly abused drugs such as methamphetamine, failed to maintain working utilities within the home, and engaged in domestic violence. Respondent unreliably participated in services intended to address his issues with substance abuse and mental stability, and he failed to show firm progress. Consequently, petitioner filed a supplemental petition seeking to terminate his parental rights and, following a hearing on the matter, the trial court granted that request. The trial court reasoned that respondent apparently relapsed multiple times during this case, that he missed a substantial number of visitations with the children, that his overall behavior was inconsistent, and that it was not confident that the children would be safe if returned to his home despite the fact that this case was ongoing for about three years. This appeal followed.

To terminate parental rights, the trial court must initially find, by clear and convincing evidence, a statutory ground for termination, MCL 712A.19b(3), and this Court reviews for clear error the trial court's factual findings and its ultimate determination that a statutory ground has

---

[1] The parental rights of the children's mother were also terminated, but she is not a party to this appeal.

been established, *In re Mason*, 486 Mich 142, 152; 782 NW2d 747 (2010). A finding is clearly erroneous if, even if some evidence supports it, the reviewing court is nevertheless left with the firm and definite conviction that the lower court made a mistake. *Id*.

DHHS requested termination under MCL 712A.19b(3)(c)(*i*), (c)(*ii*), (g) and (j). MCL 712A.19b(3) states, in relevant part:

> The court may terminate a parent's parental rights to a child if the court finds, by clear and convincing evidence, 1 or more of the following:
>
> * * *
>
> (c) The parent was a respondent in a proceeding brought under this chapter, 182 or more days have elapsed since the issuance of an initial dispositional order, and the court, by clear and convincing evidence, finds either of the following:
>
> (*i*) The conditions that led to the adjudication continue to exist and there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age.
>
> (*ii*) Other conditions exist that cause the child to come within the court's jurisdiction, the parent has received recommendations to rectify those conditions, the conditions have not been rectified by the parent after the parent has received notice and a hearing and has been given a reasonable opportunity to rectify the conditions, and there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age.
>
> * * *
>
> (g) The parent, although, in the court's discretion, financially able to do so, fails to provide proper care or custody for the child and there is no reasonable expectation that the parent will be able to provide proper care and custody within a reasonable time considering the child's age.
>
> * * *
>
> (j) There is a reasonable likelihood, based on the conduct or capacity of the child's parent, that the child will be harmed if he or she is returned to the home of the parent.

The trial court referred to substance use and a lack of "stability" when discussing subdivision (c)(*i*), but respondent's adjudication was based on a lack of housing and on his having placed the children with their mother when she was intoxicated. Petitioner on appeal concedes that termination was not proper under subdivision (c)(*i*).

Respondent argues that reversal is required because the ground for termination in MCL 712A.19b(3)(c)(*i*) was the only ground on which the trial court relied. But this clearly is not the case. The trial court noted that the petition cited MCL 712A.19b(3)(c), (g), and (j) as grounds for

termination. The petition explicitly cited subdivisions (c)(*i*) and (c)(*ii*). The trial court then discussed some of the pertinent issues in the case and went on to state:

> As it relates to the statutory grounds that have been made [sic] by the petitioner in this case I will find that there is clear and convincing evidence that the statutory grounds have been satisfied by the petitioner.

It also said:

> I do believe that there is no reasonable expectation that [respondent] will be able to provide proper care and custody within a reasonable amount of time, considering how long we have been doing this, and that hasn't happened yet consistently for long periods of time.
>
> And then also I guess at this point in time I do think a return home in the near future would potentially pose a risk of harm for [the children].

The trial court's language incorporated wording from subdivisions (g) and (j). The trial court satisfied MCR 3.977(I)(1), which states that "[t]he court shall state on the record or in writing its findings of fact and conclusions of law. Brief, definite, and pertinent findings and conclusions on contested matters are sufficient."

The premise of respondent's appeal is faulty because the trial court relied on three additional statutory grounds aside from that discussed by respondent. Respondent does not discuss the appropriateness of termination under MCL 712A.19b(3)(c)(*ii*), (g), or (j). Failure to brief the merits of an issue constitutes abandonment of it. *People v Iannucci*, 314 Mich App 542, 545; 887 NW2d 817 (2016). In addition, "[o]nly one statutory ground need be established by clear and convincing evidence to terminate a respondent's parental rights, even if the court erroneously found sufficient evidence under other statutory grounds." *In re Ellis*, 294 Mich App 30, 32; 817 NW2d 111 (2011). Under these circumstances, no appellate relief is warranted.

At any rate, the trial court's conclusion that the grounds for termination under MCL 712A.19b(3)(c)(*ii*), (g), and (j) had been established is not clearly erroneous. The case had been ongoing for three years, but at the time of the termination hearing, respondent had yet to complete the men's group to which he had been referred. He had missed two recent appointments without explanation. Respondent had missed a tremendous number of visitations, despite having been offered assistance with transportation. He was not proactive in managing or being involved with the children's medical needs. He had barely attended any individual counseling sessions. He had a drug relapse shortly before the termination hearing. He was asked what he was doing to prevent additional relapses, and he merely replied that he was working two jobs that occupied his "hands . . . and mind." Both children had been diagnosed with "complex trauma" and had improved dramatically in their behaviors since coming into foster care. A social worker testified that these children were in particular need of permanency as soon as possible. The social worker noted that when he observed respondent with the children, they did not initiate physical affection with him and they had minimal eye contact with him. Both the maternal grandmother and the foster parents were willing to adopt the children.

The circumstances showed that the grounds for termination in MCL 712A.19b(3)(c)(*ii*), (g), and (j) had been established, for reasons other than a lack of finances. Respondent had an extremely serious drug problem that he had not yet overcome. See MCL 712A.19b(3)(c)(*ii*). He had been given three years to demonstrate that he could be a good parent and provide a stable household, yet he had still not done so. Given the facts that led to the initiation of this case, this failure suggests a reasonable likelihood of harm if the children were returned to his care. See MCL 712A.19b(3)(j). And, as such, there was no reasonable expectation that he would be able to care for the children in the near future. See MCL 712A.19b(3)(g).

Finally, while not argued by respondent, we note that the evidence also showed that the trial court did not clearly err by finding that termination was in the children's best interests.[2]

Affirmed.

/s/ Michael J. Riordan
/s/ Jane E. Markey
/s/ Christopher P. Yates

---

[2] "If a trial court finds that a statutory basis for terminating parental rights exists by clear and convincing evidence, it is required to terminate parental rights if it finds from a preponderance of evidence on the whole record that termination is in the children's best interests." *In re Brown/Kindle/Muhammad Minors*, 305 Mich App 623, 637; 853 NW2d 459 (2014) (quotation marks and citation omitted); see also MCL 712A.19b(5).

> The trial court should weigh all the evidence available to determine the children's best interests. To determine whether termination of parental rights is in a child's best interests, the court should consider a wide variety of factors that may include the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home. The trial court may also consider a parent's history of domestic violence, the parent's compliance with his or her case service plan, the parent's visitation history with the child, the children's well-being while in care, and the possibility of adoption. [*In re White*, 303 Mich App 701, 713-714; 846 NW2d 61 (2014) (quotation marks and citations omitted).]