PEOPLE v BASS

Docket No. 219934. Submitted August 2, 2001, at Detroit. Decided September 7, 2001, at 9:10 A.M.

Jerry L. Bass was convicted by a jury in the Detroit Recorder's Court, John H. Hausner, J., of delivery of less than fifty grams of cocaine and possession with intent to deliver less than fifty grams of cocaine. The defendant pleaded guilty of being a second-offense habitual offender and was sentenced to twelve to thirty years of imprisonment. On appeal by the defendant, the Court of Appeals, WAHLS, P.J., and HOOD and JANSEN, JJ., without retaining jurisdiction, remanded the case to the trial court for an evidentiary hearing concerning the defendant's claim of ineffective assistance of appointed counsel at trial relative to counsel's failure to call two witnesses who would have supported the defendant's trial testimony that he had not been selling drugs. 223 Mich App 241 (1997). The trial court on remand, now the Wayne Circuit Court, Richard P. Hathaway, J., after a hearing during which the defendant and trial counsel testified, denied the defendant's motion for a new trial based on ineffective assistance of counsel. The defendant appealed by leave granted.

The Court of Appeals *held*:

A convicted defendant who claims that trial counsel's assistance was so defective as to require reversal of the conviction must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. In this case, where trial counsel lost her file on the defendant's case, could not recall the defendant's case, could not recall whether she interviewed the witnesses proposed by the defendant, could not recall why she did not call the proposed witnesses or what the defense of the case was, and does not have a usual procedure that might indicate what she did in the defendant's behalf, the defendant has proved that trial counsel's performance was both deficient and prejudicial.

Reversed and remanded for a new trial.

CRIMINAL LAW — INEFFECTIVE ASSISTANCE OF COUNSEL

A convicted defendant who claims that trial counsel's assistance was so defective as to require reversal of the conviction must show that counsel made errors so serious that counsel was not functioning as

the counsel guaranteed the defendant by the Sixth Amendment and that counsel's errors were so serious as to deprive the defendant of a fair trial (US Const, Am VI).

*Jennifer M. Granholm*, Attorney General, *Thomas L. Casey*, Solicitor General, *John D. O'Hair*, Prosecuting Attorney, *Timothy A. Baughman*, Chief of Research, Training, and Appeals, and *Carolyn M. Breen*, Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Valerie R. Newman* and *Jacqueline McCann*), for the defendant on appeal.

Before: JANSEN, P.J., and HOOD and COOPER, JJ.

PER CURIAM. Defendant appeals by leave granted from an order of the trial court denying his motion for a new trial based on ineffective assistance of counsel. We reverse and remand for a new trial.

In June 1994, following a jury trial, defendant was convicted of delivery of less than fifty grams of cocaine, MCL 333.7401(1), (2)(a)(iv), and possession with intent to deliver less than fifty grams of cocaine, MCL 333.7401(1), (2)(a)(iv). Defendant subsequently pleaded guilty of being a second-offense habitual offender, MCL 769.10. He was sentenced to a term of twelve to thirty years of imprisonment. Defendant appealed as of right, and this Court remanded the matter to the trial court to conduct an evidentiary hearing regarding defendant's claim of ineffective assistance of counsel. *People v Bass (On Rehearing)*, 223 Mich App 241; 565 NW2d 897 (1997).[1] The facts of

---

[1] Defendant raised other issues that were rejected by this Court, including that he was denied a fair trial because of prosecutorial misconduct during closing argument, that he was entitled to a new trial on the basis of newly discovered evidence, and various sentencing issues. Defendant's

the underlying case have been fully set forth in our prior opinion, and we see no need to restate them here. See *id.* at 244-246.

On remand, an evidentiary hearing was held on January 28, 1999. As will be more fully set forth, trial counsel and defendant testified during the hearing. The trial court, in an order entered on February 4, 1999, denied defendant's motion for a new trial based on his claim of ineffective assistance of counsel.

Defendant's specific argument on appeal is that trial counsel was ineffective for failing to call two witnesses, Perry Scott and Patrick Mitchell. Perry Scott was a codefendant who was tried separately in a bench trial. Scott testified in his own behalf and stated that he did not know defendant or Mitchell, that he did not see anyone selling drugs, and that he did not sell any drugs. Scott was ultimately acquitted following his bench trial. Mitchell had also been arrested with defendant and Scott, and testified at Scott's trial. Mitchell testified that he did not know Scott and that he met defendant at a hotel to help him find a room. According to Mitchell, someone in the hotel stated that police officers were outside and

---

other contention, that he was entitled to receive a transcript of the jury voir dire, was ultimately upheld by this Court. Our Supreme Court subsequently entered two orders staying the precedential effect of this Court's opinion "insofar as it held that indigent criminal defendants are entitled to a transcript of the jury voir dire without satisfying the requirements of MCR 6.425(F)(2)(a)(i)," *People v Bass,* 455 Mich 851 (1997), and granting the prosecution's application for leave to appeal while continuing to stay the precedential effect of the opinion regarding the jury voir dire transcript, *People v Bass,* 456 Mich 851 (1997). The Court then vacated the order granting leave to appeal and denied leave to appeal, vacated the orders staying the precedential effect of this Court's opinion, but vacated this Court's opinion "insofar as it may be read to conclude that compliance with the minimum standards for assigned appellate counsel is constitutionally required." *People v Bass,* 457 Mich 866 (1998).

he and defendant departed in different directions. Mitchell warned defendant that he, Mitchell, had drugs on his person. Mitchell then saw Leland Simms and entered Simms' automobile. The police eventually stopped the vehicle and searched Mitchell. Mitchell later pleaded guilty of possession of heroin and was placed on probation.

Defendant testified in his own behalf at his trial and testified at Scott's trial. Defendant's testimony was largely the same as Mitchell's testimony. Defendant's testimony was that he and Mitchell were looking for a place to live and entered a hotel that had an available room. As he and Mitchell were leaving the hotel, someone indicated that the police were outside. Defendant and Mitchell parted company and, once outside the hotel, defendant was grabbed by police officers and repeatedly slammed into a tree.

Trial counsel had been appointed to represent defendant at his trial, which occurred in May 1994, and during his testimony at Scott's trial, which occurred in December 1993. Trial counsel, however, was not present when Scott and Mitchell testified at Scott's trial. Counsel testified at the evidentiary hearing that although she represented defendant at Scott's trial, she had never met defendant before Scott's trial. Counsel stated that she became aware of Scott's claim that he did not know defendant from her conversations with defendant, but that she was not present during Scott's testimony and therefore had no firsthand knowledge of Scott's testimony in this regard. Counsel did not call Scott or Mitchell at defendant's trial and testified that she did not remember defendant's trial, that she did not remember the details of the trial, and did not remember why she did

not call them as witnesses. Counsel testified that she reviewed her notes, but could not find her entire file, and so could not remember why Scott and Mitchell were not called as witnesses. Counsel further could not recall whether she had an opportunity to interview either Scott or Mitchell before the trial. Further, counsel could not recall what the defense of the case was or if defendant asked her to call any witnesses.

On cross-examination, counsel testified that she had been a licensed attorney for thirteen years and that she has handled hundreds of felony cases. She reiterated that she could not recall anything from the case, including her defense, and whether defendant asked her to call any witnesses. Counsel indicated that if a defendant asks her to call specific witnesses, she follows no usual procedure.

Defendant also testified during the evidentiary hearing. He indicated that he talked to counsel on more than one occasion about calling Scott and Mitchell as witnesses. Defendant testified that counsel advised him that she did not need them as witnesses because she planned to prove that the police were lying.

Following the hearing, the trial court took the motion for a new trial under advisement, but made the following observations:

> I would like to state that what I heard today by [trial counsel] is that she had been practicing since 1987 in the State of Illinois, practicing in Recorder's Court since 1990 and did tell the prosecuting attorney she's done hundreds of trials. She does, however, not remember this particular case. She did tell this Court that she has in the past listened to her clients, listened to particular defendants as to whether or nor she should put on witnesses that the defendants would like the lawyer to put on, she has, in fact, put

them on in the past and I got the indication that she's also not put them on in the past as a result of discussing certain situations with her particular client. But she also went on to state that as a result of certain cases in the past when she did listen to her defendant and has put witnesses on in the past that her case would crash and burn.

This Court is well aware of the standards outlined in the *Strickland* decision. At this point in time I should tell you that based upon what [trial counsel] [*Strickland v Washington*, 466 US 668; 104 S Ct 2052; 80 L Ed 2d 674 (1984)] has told this Court there is no doubt that in this Court's mind that [trial counsel] is a qualified and capable lawyer.

In its final opinion issued on February 4, 1999, the trial court denied defendant's motion for a new trial, stating that it had read the transcripts of Scott's trial and reviewed the testimony at the evidentiary hearing on the defendant's motion.

As noted in *People v Hoag*, 460 Mich 1, 5; 594 NW2d 57 (1999), the Supreme Court in *People v Pickens*, 446 Mich 298; 521 NW2d 797 (1994), held that when evaluating a claim of ineffective assistance of counsel under either the federal constitution or the state constitution, Michigan courts must utilize the standard set forth in *Strickland v Washington*, 466 US 668, 687; 104 S Ct 2052; 80 L Ed 2d 674 (1984):

A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

In *People v Johnson*, 451 Mich 115; 545 NW2d 637 (1996), our Supreme Court held that the defendant was denied the effective assistance of counsel where trial counsel failed to call six supporting witnesses and could not offer any real reason at the evidentiary hearing why those witnesses were not called at trial. The Court noted that the decision whether the defendant had been denied the effective assistance of counsel required consideration of whether counsel's actions were in pursuance of a trial strategy. *Id.* at 122. As in the present case, trial counsel in *Johnson* had little recollection of speaking with the witnesses and spoke with only two or three of the six witnesses. The Court, on the basis of counsel's testimony during the evidentiary hearing, concluded that there was no indication that counsel made a strategic decision not to call the six witnesses to testify regarding the events that occurred in that case.

Similarly, in the present case, trial counsel could not recall the case, could not recall whether she interviewed either Scott or Mitchell before defendant's trial, and could not recall why she did not call them as witnesses at defendant's trial. In this regard, counsel offered no strategic reason why the two supporting witnesses were not called. Further, both these witnesses were known to counsel before defendant's trial since they testified at Scott's trial about five months before defendant's trial. More importantly, Scott's and Mitchell's testimony would have clearly supported defendant's version of events. As stated, Scott testified that he did not know defendant and that he had no involvement in selling drugs with defendant or anyone else in the area. Mitchell also

corroborated defendant's testimony that defendant was not selling drugs.

We conclude that defendant has proved that trial counsel's performance at trial was both deficient and that the deficiency was prejudicial by failing to call two known supporting witnesses. Counsel's testimony in the present case is remarkably similar to that in *Johnson*, because counsel stated that she could not locate her file on the case, could not recall the case, could not recall whether she had the opportunity to interview Scott or Mitchell before trial, could not recall why she did not call Scott or Mitchell or even what the defense of the case was, and does not have a usual procedure that might indicate what she did on defendant's behalf. See *Johnson*, *supra* at 125 (counsel's testimony was that he had no file entries, no recollection, and not even a routine practice that might indicate what he did on the defendant's behalf). Therefore, we can discern no reason, strategic or otherwise, why the two supporting witnesses were not called and, given that Scott was acquitted in his trial and that Scott and Mitchell would have corroborated defendant's testimony, counsel's failure to call the two witnesses was prejudicial in that defendant was denied a fair trial where important corroborating testimony was not put forth to the jury.

Because defendant has proved that trial counsel's performance was both deficient and prejudicial, we reverse the trial court's order denying his motion for a new trial based on ineffective assistance of counsel and we remand for a new trial. Jurisdiction is not retained.