*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
March 21, 2024

Plaintiff-Appellee,

v

No. 363598
Shiawassee Circuit Court

ERIC FRANCIS EDWARDS,

LC No. 2021-006039-FH

Defendant-Appellant.

Before: M. J. KELLY, P.J., and BOONSTRA and CAMERON, JJ.

PER CURIAM.

Defendant appeals by right his jury-trial convictions of assault with a dangerous weapon (felonious assault), MCL 750.82(1), a related charge of possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b(1), assaulting, resisting, or obstructing a police officer (assaulting a police officer), MCL 750.81d(1), and a related charge of felony-firearm. The trial court sentenced defendant as a fourth-offense habitual offender, MCL 769.12, to concurrent prison terms of 4 to 15 years for his felonious-assault conviction and 46 months to 15 years for his conviction of assaulting a police officer, to be served following the statutory two-year prison terms for his felony-firearm convictions. We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

In May 2021, defendant engaged in an armed standoff with law-enforcement officers after a 911 caller indicated that defendant was holding people hostage inside his home. Earlier in the day, there had been a complaint that defendant was shooting a rifle out of the rear window of his house. Michigan State Police Trooper Steven Kingsley, who responded to the call, testified that he searched the Law Enforcement Information Network for information about defendant and discovered that defendant had an active felony warrant for his arrest. Trooper Kingsley and another officer called for defendant to leave the home with his hands up. Trooper Kingsley testified that defendant's response was hostile, volatile, and laced with profanity, and that defendant stated that he had six rifles and would cut the officers and their cars in half. At one point, Trooper Kingsley told defendant that the officers had a warrant and were not leaving. He

also testified that he observed defendant twice on the back porch, once with a rifle held in the air. Defendant ultimately surrendered himself to law enforcement.

A camera on Trooper Kingsley's vehicle's rearview mirror recorded the incident. The camera was synched to Trooper Kingsley's wireless microphone. At trial, Trooper Kingsley testified about specific statements that were made in the video and when defendant's weapon was visible. On cross-examination, Trooper Kingsley agreed that defendant had not acknowledged his statement about having a warrant and that it was possible that defendant did not hear him. He also agreed with defense counsel's statements about the use-of-force continuum, including that he could have used deadly force if he had believed that defendant was engaged in a life-threatening felony, but that he had not done so.

During his closing argument, defense counsel asked the jury to review the video carefully. He asserted that the statements on the video were garbled and established that the officers had not feared an imminent battery. The jury convicted defendant, and he was sentenced as described. This appeal followed.

## II. STANDARD OF REVIEW

A defendant's claim that counsel provided ineffective assistance is a mixed question of fact and constitutional law. *People v Trakhtenberg*, 493 Mich 38, 52; 826 NW2d 136 (2012). A defendant must move the trial court for a new trial or a *Ginther* hearing to preserve a claim that counsel provided ineffective assistance. *People v Ginther*, 390 Mich 436, 443; 212 NW2d 922 (1973). Generally, "this Court reviews for clear error the trial court's findings of fact and reviews de novo questions of constitutional law." *Id*. at 47. However, when considering an unpreserved claim of ineffective assistance of counsel, this Court's review is limited to mistakes apparent from the record. *People v Riley*, 468 Mich 135, 139; 659 NW2d 611 (2003).

In this case, defendant did not move the trial court for a new trial or evidentiary hearing; although defendant has requested a remand in his appellate brief's statement of relief requested, this request is not the equivalent of a motion to remand and does not render this issue preserved. See *People v Bass*, 317 Mich App 241, 276 n 12; 893 NW2d 140 (2016). Accordingly, our review is limited to mistakes apparent from the record.

## III. ANALYSIS

Defendant argues that his trial counsel was ineffective in several respects. We disagree.

As an initial matter, defendant has attempted to support his assertions on an appeal with an unsigned, unsworn document purporting to be in the form of an affidavit. The prosecution correctly argues that this document is not an affidavit and is not part of the lower court record. The lower court record includes the documents and exhibits filed in the trial court. MCR 7.210(A)(1). This Court generally does not allow parties to expand the record on appeal by attaching documents to their appellate briefs. *People v Morrison*, 328 Mich App 647, 655; 939 NW2d 728 (2019). Additionally, an affidavit is a sworn declaration of facts usually taken before someone who has the authority to administer an oath or affirmation. *Black's Law Dictionary* (11th ed). An unsworn document "carries no more weight than a letter outlining defendant's complaints about his trial counsel." *People v Ybarra*, 493 Mich 862, 862; 820 NW2d 908 (2012) (ZAHRA, J.,

concurring). When a defendant has moved to remand for a *Ginther* hearing, this Court may consider the evidence presented by the defendant on appeal for the limited purpose of deciding whether to remand for an evidentiary hearing. See *People v Moore*, 493 Mich 933, 933; 825 NW2d 580 (2013). Accordingly, although defendant's document is not an affidavit and is not part of the lower court record, we will consider it in the context of considering whether it suffices as an offer of proof in support of defendant's request for remand. See MCR 7.211(C)(1)(a); see also *Moore*, 493 Mich at 933.

A criminal defendant has a fundamental right to the effective assistance of counsel. US Const, Am VI; Const 1963, art 1, § 20; *United States v Cronic*, 466 US 648, 654; 104 S Ct 2039; 80 L Ed 2d 657 (1984). This right extends to plea proceedings. *Lafler v Cooper*, 566 US 156, 162; 132 S Ct 1376; 182 L Ed 2d 398 (2012). The United States Supreme Court has observed that the rights to counsel, due process, and a fair trial are intertwined:

> The Sixth Amendment right to counsel exists, and is needed, in order to protect the fundamental right to a fair trial. The Constitution guarantees a fair trial through the Due Process Clauses, but it defines the basic elements of a fair trial largely through the several provisions of the Sixth Amendment, including the Counsel Clause. [*Strickland v Washington*, 466 US 668, 684-685; 104 S Ct 2052; 80 L Ed 2d 674 (1984).]

"In order to obtain a new trial, a defendant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) but for counsel's deficient performance, there is a reasonable probability that the outcome would have been different." *Trakhtenberg*, 493 Mich at 51.

The defendant must overcome the strong presumption that defense counsel's performance constituted sound trial strategy. *People v Vaughn*, 491 Mich 642, 670; 821 NW2d 288 (2012). This Court gives defense counsel wide discretion in matters of trial strategy because counsel may be required to take calculated risks to win a case. *People v Pickens*, 446 Mich 298, 325; 521 NW2d 797 (1994). Additionally, a defendant asserting an ineffective-assistance claim has the burden to establish the factual predicate of the claim. *People v Hoag*, 460 Mich 1, 6; 594 NW2d 57 (1999).

Defendant argues that his defense counsel did not have sufficient time to prepare a defense to his case. The record does not support defendant's argument.

Counsel has the duty to make reasonable investigations and exercise professional judgment in matters related to the defense. *Trakhtenberg*, 493 Mich at 52-53. There is no categorical rule regarding how much time a competent attorney will need to prepare for trial. *People v Mitchell*, 454 Mich 145, 167 n 26; 560 NW2d 600 (1997). An appellate court should not simply presume that an alleged inability or failure to prepare results in ineffective assistance of counsel. *Id*. at 169 n 28. Additionally, a failure to meet with a defendant, standing alone, does not support a defendant's ineffective-assistance claim when defense counsel displayed an adequate knowledge of the evidence and was prepared to cross-examine the prosecution's witnesses. *People v Payne*, 285 Mich App 181, 189; 774 NW2d 714 (2009).

Defendant has not established the factual predicate of this argument. Although the record shows that defendant's appointed counsel was replaced several times, the statements in defendant's document on appeal do not accurately reflect the lower court record and indeed contradict it in some respects, including defendant's statement regarding which attorney his ultimate defense counsel replaced and how long trial counsel met with him. Defendant also asserts that he provided counsel with USB drives containing information that would have assisted with the defense, but he has not provided the contents of the drives to assist with appellate review.

Ultimately, the record establishes that defense counsel was aware of the evidence, had developed a defense strategy, and was prepared to (and did) cross-examine the prosecution's witnesses at trial. Defense counsel drew Trooper Kingsley's attention to specific statements made in the video and pointed out, for example, that defendant may not have heard the statement about a warrant and that defendant showed the officers his empty hands the second time he went onto his porch. Defense counsel's closing argument was based on his review of the video, which he encouraged the jury to review carefully, and his closing argument offered the defense that defendant was receiving contradictory directions from different people, that the officers went "looking for a fight," and that the officers' decisions regarding the use of force established that they were not in fear of an imminent battery. Defendant has not established that counsel's preparation fell below an objective standard of reasonableness.

Defendant also argues that defense counsel's advice to reject a plea deal was based on an overconfident assessment of defendant's chances at trial and legally erroneous beliefs. We disagree. A defendant may establish that defense counsel provided ineffective assistance in counseling a defendant to reject a plea offer. *Lafler*, 566 US at 163. To do so, the defendant must show that

> but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (*i.e.,* that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed. [*Id*. at 164.]

It may constitute ineffective assistance for defense counsel to misadvise a defendant not to accept a plea offer. See *Byrd v Skipper*, 940 F3d 248, 253 (CA 6, 2019). However, in this case, the record does not contain any evidence that would establish that defense counsel misunderstood the law. Further, defendant stated on the record that the decision regarding whether to have a trial had been left up to him, and that defense counsel had discussed sentencing possibilities with him. Defendant has not met his burden to establish the factual basis of this claim.

Defendant also argues that defense counsel provided ineffective assistance by failing to challenge for cause two jurors who were married to law-enforcement officers. We conclude that defense counsel was not required to make futile for-cause challenges against these jurors.

"[A]n attorney's decisions relating to the selection of jurors generally involve matters of trial strategy." *People v Johnson*, 245 Mich App 243, 259; 631 NW2d 1 (2001). Defense counsel is not required to make meritless or futile challenges. *People v Putman*, 309 Mich App 240, 245;

870 NW2d 593 (2015). A defendant has the right to be tried by an impartial jury. *People v Haynes*, 338 Mich App 392, 411; 980 NW2d 66 (2021). A potential juror may be challenged for cause if that person "is biased for or against a party or attorney," MCR 2.511(E)(2), or "has opinions or conscientious scruples that would improperly influence the person's verdict," MCR 2.511(E)(4). A defendant who asserts that a juror is biased must establish that a juror's impartiality is in reasonable doubt. *Haynes*, 338 Mich App at 411. A juror is sufficiently unbiased if "the juror can lay aside his impression or opinion and render a verdict based on the evidence presented in court." *People v Cline*, 276 Mich App 634, 641; 741 NW2d 563 (2007). The mere possibility that a juror might be prejudiced is not sufficient to warrant removal. *People v Rose*, 289 Mich App 499, 531; 808 NW2d 301 (2010).

In this case, the husband of one juror was employed as a police officer, and the husband of another juror had formerly been a military police officer. In response to questions during voir dire, both jurors indicated that they could be fair and impartial. The record does not establish that a for-cause challenge to these jurors was warranted. Further, to the extent that defendant argues that defense counsel provided ineffective assistance by not questioning these jurors further, defense counsel did question them about their decision-making processes and ultimately excused another juror with an expressed bias in favor of law enforcement. Defendant has not established that counsel's decisions regarding these two jurors resulted from objectively unreasonable trial strategies.

Defendant also argues that his counsel provided ineffective assistance by failing to call any witnesses. We disagree. Generally, defense counsel's decisions regarding the calling of witnesses and presentation of evidence are matters of trial strategy. *People v Horn*, 279 Mich App 31, 39; 755 NW2d 212 (2008). Counsel's decision to not call a witness is also presumed to be a matter of trial strategy. *Mitchell*, 454 Mich at 163. However, counsel may provide ineffective assistance by failing to call witnesses who supported defendant's version of events if there was no strategic reason to not call the witnesses. *People v Bass*, 247 Mich App 385, 392; 636 NW2d 781 (2001). When considering an unpreserved claim of ineffective assistance of counsel, this Court must consider the possible reasons for counsel's actions. *Vaughn*, 491 Mich at 670.

Defendant's initial counsel filed a witness list that included four potential witnesses. Defendant argues that two of these witnesses might have testified that they falsely reported that defendant was holding hostages in order to get defendant into trouble. However, defense counsel might have reasonably decided that calling witnesses who were apparently hostile toward defendant, in order to possibly elicit their confessions to making false police reports, would have harmed his case more than benefited it. *Mitchell*, 454 Mich at 163. Defendant further notes that his girlfriend and brother witnessed the standoff and argues that they would have provided a different account of events. However, defendant has not supported these statements on appeal with any affidavits or offers of proof regarding what these potential witnesses would have testified about. Accordingly, defendant has not met his burden of proof to establish the factual predicate of his claim. *Hoag*, 460 Mich at 6. We conclude that the record does not support defendant's assertion that defense counsel's decision not to call these witnesses was objectively unreasonable.

Defendant additionally argues that his counsel's advice not to testify was objectively unreasonable when counsel did not call any other witnesses in defendant's defense. We disagree. Defendant has not overcome the presumption that counsel's advice was sound trial strategy.

A decision regarding whether a defendant should testify is a matter of trial strategy. *People v Toma*, 462 Mich 281, 304; 613 NW2d 694 (2000). There are many reasons why a defendant may choose to not take the stand, including that testifying may expose the defendant to cross-examination that may undermine the defendant's case. *Id*. at 304. Defense counsel may instead support defendant's case by cross-examining the witnesses regarding the defects in their testimony. See *People v Carll*, 322 Mich App 690, 702; 915 NW2d 387 (2018) (concerning expert witnesses). Competent counsel might decide that the best defense strategy is to argue that the government's witnesses are not credible and the prosecution has not met its burden of proof. *Mitchell*, 454 Mich at 164.

The record directly contradicts defendant's statement on appeal that he wanted to testify on his own behalf. At trial, defendant agreed on the record that he did not want to testify and that not testifying was his own decision. To the extent that defendant argues that it was not reasonable to advise him against testifying when defense counsel presented no other evidence or witnesses, the record does not support that this was an unreasonable trial strategy. Defense counsel attacked the bases of the alleged crimes: specifically, he argued that defendant did not resist or obstruct officers because he was receiving garbled directions from multiple people and that defendant had not assaulted the officers because their actions were not consistent with fearing an imminent battery. As previously discussed, counsel extensively cross-examined the prosecution's witnesses. It may be a reasonable defense strategy to instead argue that the prosecution did not meet its burden of proof, which is what defense counsel did in this case. *Mitchell*, 454 Mich at 164.

Defendant further argues that defense counsel provided ineffective assistance by failing to move for a directed verdict. We disagree. A defense counsel's failure to move for a directed verdict after the close of the prosecution's case may support an ineffective-assistance claim. See *In re LT*, 342 Mich App 126, 133; 992 NW2d 903 (2022). Such an error is apparent from the record when the prosecution had failed to establish a necessary element of a criminal offense at the time the prosecution attempted to rest its case. *Id*. at 136. However, a party may not merely announce a position on appeal and give the argument cursory treatment. *People v Iannucci*, 314 Mich App 542, 545; 887 NW2d 817 (2016). In the four sentences devoted to this issue, defendant has entirely failed to provide any law or factual citations related to this issue beyond a citation to the procedural rule that allows a defendant to move for a directed verdict. Defendant's conclusory statement that the trial court could have granted a directed verdict is not supported by any discussion of the necessary elements of the offenses with which he was charged. We conclude that defendant has thoroughly abandoned this issue by failing to support this issue with any law or argument based on the record.[1]

Again, "[i]n order to obtain a new trial, a defendant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) but for counsel's deficient

---

[1] Regardless, a review of the evidence indicates that the prosecution did, in fact, present sufficient evidence of the elements of defendant's crimes to survive a motion for a directed verdict. Defendant threatened to cut officers in half with his rifle and displayed the weapon, which was the sort of overt conduct that can cause a victim to reasonably fear that an assailant will do what has been threatened. See *People v Reeves,* 458 Mich 236, 244; 580 NW2d 433 (1998).

performance, there is a reasonable probability that the outcome would have been different." *Trakhtenberg*, 493 Mich at 51. Because a defendant must establish both prongs of the test, this Court may reject an ineffective-assistance claim because the defendant has not established one prong alone. *People v Reed*, 449 Mich 375, 400; 535 NW2d 496 (1995). As previously discussed, defendant has not established the first element of the test because counsel's actions were not objectively unreasonable. Further, defendant cannot establish prejudice. The record indicates that defense counsel was prepared to address the primary evidence against defendant, which was the video of the standoff and Trooper Kingsley's testimony about his perceptions. Challenging the prospective jurors for cause or moving for a directed verdict would not likely have resulted in a different outcome because these actions would have been futile. Defense counsel may have called defendant's proposed witnesses, but without some indication that a witness would have testified favorably, a defendant cannot establish that counsel's failure to call them prejudiced him. See *Carll,* 322 Mich App at 703. Defendant has not established a reasonable probability that he would have accepted a plea even had counsel advised him to do so; instead, the record indicates that he was adamant about wanting a jury trial. And even if had defendant testified in order to explain his actions, the actions themselves were observable on a video of the standoff, which the jury watched. Under these circumstances, defendant has not established a reasonable probability that, but for his counsel's conduct, the result of the proceedings against him would have been different. *Trakhtenberg*, 493 Mich at 51.

Defendant has not established that his defense counsel was ineffective. Further, defendant has not made a sufficient offer of proof to warrant remand for a *Ginther* hearing; as stated, his unsworn document either contradicts the record or otherwise fails to demonstrate the existence of facts that create an issue requiring remand. See MCR 7.211(C)(1)(a); see also *People v Davis*, 443 Mich 864, 864; 511 NW2d 894 (1993).

Affirmed.

/s/ Michael J. Kelly
/s/ Mark T. Boonstra
/s/ Thomas C. Cameron