*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
January 14, 2025
8:39 AM

Plaintiff-Appellee,

v

No. 370550
Alpena Circuit Court
LC No. 2023-002059-FH

ROBERT LEE JONES,

Defendant-Appellant.

Before: N. P. HOOD, P.J., and REDFORD and MALDONADO, JJ.

PER CURIAM.

Defendant, Robert Lee Jones, appeals by leave granted[1] his sentence for operating while intoxicated, third offense (OWI-III), MCL 257.625(1); MCL 257.625(9)(c), following a guilty plea. The trial court sentenced defendant to 14 months to 5 years' imprisonment. On appeal, defendant argues that his guilty plea is invalid because the trial court sentenced defendant above the specified term in his *Cobbs*[2] sentencing agreement without offering defendant an opportunity to withdraw his guilty plea. Defendant also argues that he was entitled to withdraw his plea because it was not knowing and voluntary. Because we conclude there was no *Cobbs* agreement and that defendant's guilty plea was knowing and voluntary, we affirm.

## I. BACKGROUND

In January 2023, defendant was arrested and charged with OWI-III, driving while license suspended, transporting or possessing an open container of alcohol in a vehicle, and a fourth-offense habitual offender notice. Shortly thereafter, defendant was sentenced to six months of probation on an unrelated conviction of carrying a concealed weapon (CCW).

---

[1] *People v Jones*, unpublished order of the Court of Appeals, issued June 6, 2024 (Docket No. 370550).

[2] *People v Cobbs*, 443 Mich 276; 505 NW2d 208 (1992).

At a status conference, defense counsel introduced the prosecution's plea offer: if defendant pleaded guilty to OWI-III, the prosecution would drop the other charges against defendant and would agree to a minimum sentence of nine months. Defendant initially rejected the offer, but later accepted it and pleaded guilty. The court agreed that it would not give defendant a minimum sentence greater than nine months; however, the court also informed defendant that "anything that happens between now and then can upset that apple cart."

Between defendant's plea hearing and sentencing, defendant violated the terms of his probation on the CCW offense at least three times. At sentencing, defendant requested that the trial court honor the terms of the nine-month minimum sentence agreement, arguing that "*Cobbs* is controlling." However, the trial court stated that it did not believe there was a *Cobbs* agreement, and it determined that defendant's probation violations meant that the trial court was not required to give defendant a minimum sentence of nine months. Instead, the trial court imposed a minimum sentence of 14 months' incarceration. This appeal followed.

## II. SENTENCING AGREEMENT

Defendant argues that the trial court erred by not enforcing his *Cobbs* agreement. We disagree. As a preliminary matter, defendant is precluded from challenging the trial court's failure to abide by the purported *Cobbs* agreement because he failed to move in the trial court to withdraw his plea. MCR 6.310(D) provides:

> A defendant convicted on the basis of a plea may not raise on appeal any claim of noncompliance with the requirements of the rules in this subchapter, or any other claim that the plea was not an understanding, voluntary, or accurate one, unless the defendant has moved to withdraw the plea in the trial court, raising as a basis for withdrawal the claim sought to be raised on appeal.

Under MCR 6.310(C), a defendant may move to withdraw his plea in the trial court within six months after sentencing or move for relief from judgment in accordance with MCR 6.500 *et seq*. Defendant has done neither. Accordingly, appellate review of this issue is precluded. See MCR 6.310(D); *People v Armisted*, 295 Mich App 32, 48; 811 NW2d 47 (2011).

Noting that review of this issue is precluded, defendant would not have otherwise been entitled to relief because there was no *Cobbs* agreement and defendant engaged in misconduct. Even if our review was not barred, we would conclude that the trial court did not err.

Generally, we review de novo questions of constitutional law and the interpretation of court rules. *People v Al-Shara*, 311 Mich App 560, 566-567; 876 NW2d 826 (2015). However, because defendant failed to preserve this issue by moving to withdraw the plea in the trial court, see MCR 6.310(D), we review for plain error affecting substantial rights. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). To avoid forfeiture under the plain-error rule, defendant must show that an error occurred, that the error was clear or obvious, and that the error affected defendant's substantial rights, such "that the error affected the outcome of the proceedings." *Id*. Even when all three requirements are met, this Court "must exercise its discretion in deciding whether to reverse." *Id*. Reversal in only warranted when the plain, forfeited error "resulted in the conviction of an actually innocent defendant" or "seriously affect[ed] the fairness, integrity or public

reputation of judicial proceedings independent of the defendant's innocence." *Id*. at 763-764 (quotation marks and citation omitted; alteration in original).

Defendant's appellate argument is premised on the faulty assumption that he entered a *Cobbs* agreement with the trial court. Defendant acknowledges the trial court's statement that it did not believe there was a *Cobbs* agreement; however, defendant's appellate brief does not address whether the trial court's assessment was incorrect, or provide an argument or authority for why his plea deal was a *Cobbs* agreement. "An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give only cursory treatment with little or no citation of supporting authority." *People v Iannucci*, 314 Mich App 542, 545; 887 NW2d 817 (2016) (quotation marks and citation omitted). "The failure to brief the merits of an allegation of error constitutes an abandonment of the issue." *Id*. (quotation marks and citation omitted). Defendant has therefore abandoned his argument that the trial court violated the terms of a *Cobbs* agreement.

Regardless, the agreement was a *Killebrew*[3] agreement, an agreement that includes a sentencing agreement in one form or another. *People v Guichelaar*, ___ Mich App ___, ___; ___NW2d ___ (2023) (Docket No. 363588); slip op at 4; see also MCR 6.302(C)(3)(c). A *Killebrew* agreement "permit[s] a judge to approve or reject a sentence agreement *reached by the parties*, or a prosecutorial sentence recommendation that was the product of negotiations between the parties." *Cobbs*, 443 Mich at 282 (emphasis added). In contrast, under a *Cobbs* agreement, "[a]t the request of a party, and not on the judge's own initiative, a judge may state on the record the length of sentence that, on the basis of the information then available to the judge, appears to be appropriate for the charged offense." *Id*. at 283 (emphasis omitted). A *Cobbs* agreement is an agreement under which "a defendant agrees to plead guilty in reliance on the trial court's preliminary evaluation of the sentence." *People v Brinkey*, 327 Mich App 94, 99; 932 NW2d 232 (2019).

Review of the record does not support that defendant entered a *Cobbs* agreement. When defendant presented the agreement of a nine-month minimum sentence to the trial court, he presented it as an agreement he reached with the prosecution. Defendant did not request on the record that the trial court evaluate his sentence, and the trial court did not provide the nine-month minimum sentence. Because the nine-month minimum sentence was an agreement reached by the parties, defendant's plea agreement was a *Killebrew* agreement rather than a *Cobbs* agreement.

Regardless of whether the agreement was a *Cobbs* or *Killebrew* agreement, defendant would not have been entitled to withdraw his plea because of his subsequent misconduct. A defendant is not entitled to withdraw a plea under MCR 6.310(B)(2)(a) or (b) "if the defendant commits misconduct after the plea is accepted but before sentencing." MCR 6.310(B)(3). Under MCR 6.310(B)(3), "misconduct is defined to include, *but is not limited to*: absconding or failing to appear for sentencing, violating terms of conditions on bond or the terms of any sentencing or plea agreement, or otherwise failing to comply with an order of the court pending sentencing" (emphasis added). Between defendant's plea and his sentencing, defendant violated the terms of his probation on the CCW conviction multiple times. When the court imposed a 14-month

---

[3] *People v Killebrew*, 416 Mich 189, 206-212; 330 NW2d 834 (1982).

minimum sentence, its stated reasoning was that these violations "take away the requirement that the Court remain at nine months." Because defendant engaged in misconduct between his plea and his sentencing, the trial court did not err when it imposed a minimum sentence that exceeded the terms of the plea agreement.

## III. KNOWING AND VOLUNTARY PLEA

Finally, defendant argues that he was entitled to withdraw his plea because it was not knowing and voluntary. Specifically, defendant argues that he entered the plea on the basis of inaccurate information because the trial court did not inform defendant that it was not required to follow the agreement and did not inform defendant of his right to withdraw the plea. We disagree.

Like defendant's argument that the trial court abide by the *Cobbs* agreement, we note that review of this issue is precluded because defendant failed to move to withdraw his plea or move for relief from judgment. See MCR 6.310(D); *Armisted*, 295 Mich App at 48. Not only is review of this issue precluded, but defendant also waived this argument in the trial court, thereby extinguishing any possible error. Waiver is "the intentional relinquishment or abandonment of a known right." *People v Carter*, 462 Mich 206, 215; 612 NW2d 144 (2000) (quotation marks and citation omitted). A defendant waives his right to challenge an action on appeal when he expresses agreement with the trial court's action. *Id*. at 214-215. In this case, the trial court took a factual basis for the record and inquired into the voluntariness of the plea. Following this exchange, the trial court asked the parties if it complied with the court rules for taking a plea, to which both defense counsel and the prosecution answered affirmatively. Accordingly, defendant intentionally relinquished his right to argue otherwise. *See id*. Even if we were to review this issue for plain error, defendant is not entitled to relief.

"There is no absolute right to withdraw a guilty plea once the trial court has accepted it." *People v Pointer-Bey*, 321 Mich App 609, 615; 909 NW2d 523 (2017) (quotation marks and citation omitted). To withdraw a plea after sentencing, "the defendant must demonstrate a defect in the plea-taking process." *Id*. (quotation marks and citation omitted). "A guilty or no-contest plea constitutes a waiver of several constitutional rights and thus triggers specific protections for the defendant." *People v Guyton*, 511 Mich 291, 298; 999 NW2d 393 (2023). Guilty pleas are governed by MCR 6.302, which provides that a plea must be "understanding, voluntary, and accurate." MCR 6.302(A). "In order for a plea to be voluntary and understanding, the defendant must be fully aware of the direct consequences of the plea." *Pointer-Bey*, 321 Mich App at 616 (quotation marks and citation omitted). The procedures a trial court must follow when accepting a guilty plea are stated in MCR 6.302(B) through (D).

Defendant asserts that the trial court did not comply with MCR 6.302(C)(3), which provides in relevant part:

> If the court accepts the agreement without having considered the presentence report or takes the plea agreement under advisement, it must explain to the defendant that the court is not bound to follow an agreement to a sentence for a specified term or within a specified range or a recommendation agreed to by the prosecutor, and that if the court chooses not to follow an agreement to a sentence for a specified term or within a specified range, the defendant will be allowed to

withdraw from the plea agreement. A judge's decision not to follow the sentence recommendation does not entitle the defendant to withdraw the defendant's plea.

Defendant contends that the trial court did not advise him that it was not bound to the agreement and that he could withdraw his plea if the trial court did not follow the agreement.

We agree that the trial court failed to inform defendant that, if it chose not to follow the agreement, defendant would be allowed to withdraw from the agreement. However, we disagree that the trial court did not inform defendant that it was not bound to follow the agreement for the minimum sentence of nine months. Although not perfectly stated, the trial court informed defendant that "anything that happens between now and then can upset that apple cart." This statement informed defendant that the trial court is not bound by the agreement.

Although the trial court failed to inform defendant that he may withdraw his plea, "[s]trict compliance with MCR 6.302 is not essential. Our Supreme Court has adopted a doctrine of substantial compliance, and whether a particular departure from the requirements of MCR 6.302 justifies or requires reversal depends on the nature of the noncompliance." *Brinkey*, 327 Mich App at 98. "Automatic invalidation of a plea due to a violation of MCR 6.302 is only required if the defendant establishes that the waiver was neither understandingly nor voluntarily made . . ." *Id*. Defendant simply argues that he is entitled to relief because he relied on the agreement. He waived this issue by failing to address how the trial court's failure to strictly comply with MCR 6.302(C)(3) affected the voluntary and knowing nature of the plea. See *Iannucci*, 314 Mich App at 545. Moreover, even if defendant could establish plain error, defendant was not entitled to withdraw his plea because he committed misconduct under MCR 6.310(B)(3).

Affirmed.

/s/ Noah P. Hood
/s/ James Robert Redford
/s/ Allie Greenleaf Maldonado