# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

YANN IANNUCCI,

        Defendant-Appellant.

UNPUBLISHED
January 19, 2016

No. 323604
Macomb Circuit Court
LC No. 2013-002129-FH

Before: SAAD, P.J., and WILDER and MURRAY, JJ.

PER CURIAM.

Defendant, proceeding *in propria persona*, appeals his conviction after a jury trial of failure to pay child support, MCL 750.165, for which he was sentenced to 60 months' probation, with five days to be served in jail, and ordered to pay $21,951 in unpaid child support. For the reasons provided below, we affirm.

Defendant and his former wife have two children. Their 2008 marriage ended on August 9, 2011, after the parties signed a consent judgment of divorce that included an order of child support, which was modified later. There is no dispute that from August 9, 2011, to January 11, 2013, defendant did not comply with the child support order. The factual basis for defendant's conviction—his actual failure to comply with his obligation under the child support order—is not at issue. Rather, the crux of defendant's several arguments is that, as a disabled veteran, his veteran's disability benefits should not have been considered as income for purposes of calculating child support and that such an inclusion was illegal and contrary to federal law.

Defendant's arguments challenging the amount of child support he was ordered to pay are impermissible collateral attacks on the validity of the underlying support order. These challenges were not within the purview of the circuit court in his criminal prosecution and are not properly before this Court in defendant's appeal of his criminal conviction. The felony nonsupport statute provides that "[i]f the court orders an individual to pay support . . . for a child of the individual, and the individual does not pay the support . . . , the individual is guilty of a felony." MCL 750.165(1). The elements of this criminal offense are simply that (1) the defendant was required by a divorce order to support a child, (2) he appeared in or received notice of the action in which the order was issued, and (3) he failed to pay the required support at the time ordered or in the amount ordered. *People v Herrick*, 277 Mich App 255, 257; 744 NW2d 370 (2007). Felony nonsupport is a strict liability offense. *People v Adams*, 262 Mich

-1-

App 89, 100; 683 NW2d 729 (2004). At trial, there was no dispute that defendant had been ordered by the Macomb Circuit Court to support his children, that he was aware of the ordered support obligation, and that he failed to pay the amount ordered.

Pursuant to MCL 600.1021, the family division of circuit court has sole and exclusive jurisdiction over cases of divorce and ancillary matters, including those matters set forth in the Support and Parenting Time Enforcement Act, MCL 552.601 *et seq.* "[A] support order that is part of a judgment or is an order in a domestic relations matter is a judgment on and after the date the support amount is due . . . with the full force, effect, and attributes of a judgment of this state . . . ." MCL 552.603(2). The civil court that issues a child support order has continuing, exclusive jurisdiction over that support order and the surrounding proceedings. MCL 552.1224(1). An impermissible "collateral attack occurs whenever challenge is made to judgment in any manner other than through direct appeal." *People v Howard*, 212 Mich App 366, 369; 538 NW2d 44 (1995). This is precisely what defendant seeks to do here. Defendant has not set forth any authority in the felony nonsupport statute, or in any of the cases interpreting it, that would permit him, in this criminal case, to collaterally attack the underlying support order.

Furthermore, denying defendant redress in criminal court simply because he did not obtain a favorable result in the underlying civil proceeding is not a denial of due process. Defendant had the opportunity, and took that opportunity on more than one occasion, to make his arguments before the civil court, albeit unsuccessfully, thereby affording him due process. See *Grannis v Ordean*, 234 US 385, 394; 34 S Ct 779; 58 L Ed 1363 (1914) ("The fundamental requisite of due process of law is the opportunity to be heard."); *People v Herrera*, 204 Mich App 333, 339; 514 NW2d 543 (1994) (stating that one of the requirements of due process includes the opportunity to be heard).

Defendant's additional cursory complaints about alleged improprieties surrounding the proceedings in civil court do not provide a legitimate reason for ignoring his impermissible collateral attack on the underlying support order and for considering these claims. "An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give only cursory treatment with little or no citation of supporting authority." *People v Kelly*, 231 Mich App 627, 640-641; 588 NW2d 480 (1998). "The failure to brief the merits of an allegation of error constitutes an abandonment of the issue." *People v McPherson*, 263 Mich App 124, 136; 687 NW2d 370 (2004).

Defendant also asks this Court to exercise its power of superintending control to, *inter alia*, vacate the child support order and his conviction. Defendant did not file a complaint for superintending control in the circuit court in accordance with MCR 3.302(E) or file an original action for superintending in this Court in accordance with MCR 7.206(D). Therefore, this request is not properly before this Court and need not be reviewed. *J & P Market, Inc v Liquor Control Comm*, 199 Mich App 646, 651 n 1; 502 NW2d 374 (1993). Further, an order of superintending control is not available to a party who has another adequate remedy. MCR 3.302(B); *Barham v Workers' Compensation Appeal Bd*, 184 Mich App 121, 127; 457 NW2d 349 (1990). When an appeal in the Court of Appeals is available, "that method of review must be used." MCR 3.302(D)(2). Defendant has pursued an appeal of his criminal conviction. If he believed that the April 2012 modified support order was improper, he could have filed an

application for leave to appeal to challenge that order. Therefore, an order of superintending control is not appropriate. See *Bd of Ed of the Standish-Sterling Community Sch Dist v Court of Appeals*, 483 Mich 1252 (2009).

We further reject defendant's claims that his five-day jail sentence is unconstitutionally unusual under the Eighth Amendment and that confinement for failure to pay court-ordered child support creates a debtor's prison. Because defendant did not raise these claims below, these issues are unpreserved, and our review is limited to plain error affecting defendant's substantial rights. *People v Carines*, 460 Mich 750, 752-753, 763-764; 597 NW2d 130 (1999). Our Supreme Court has held that a party defaulting on a judgment for child support may be imprisoned because child support is not considered a debt. *Toth v Toth*, 242 Mich 23, 26; 217 NW 913 (1928). Further, defendant has abandoned any claim that a five-day confinement is unconstitutionally unusual because it denies disabled veterans medical care by failing to provide any factual and relevant legal support for this claim. *McPherson*, 263 Mich App at 136; *Kelly*, 231 Mich App at 640-641.

Affirmed.


/s/ Henry William Saad
/s/ Kurtis T. Wilder
/s/ Christopher M. Murray