*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
March 14, 2024

Plaintiff-Appellee,

v

No. 363195
Iron Circuit Court
LC No. 2022-010057-FC

ALBERT LAWRENCE SHUMATE,

Defendant-Appellant.

Before: PATEL, P.J., and RICK and FEENEY, JJ.

PER CURIAM.

Defendant appeals as of right his convictions of first-degree criminal sexual conduct (CSC-I), MCL 750.520b(1)(a) (victim under 13 years old), and accosting a child for immoral purposes, MCL 750.145a. He was sentenced as a fourth habitual offender, MCL 769.12, to 30 to 50 years' imprisonment for the CSC-I conviction and 46 to 180 months' imprisonment for the accosting a child conviction. For the reasons stated in this opinion, we reverse and remand for a new trial.

## I. FACTUAL BACKGROUND

This case arises from defendant's sexual assault of the victim, his stepson, when the victim was 10 years old and defendant was 46 years old. Defendant was married to the victim's mother and lived with the victim at the time of the assault. The victim testified that after the family returned home from a camping trip in July 2021, defendant followed the victim into the basement. While the victim's back was turned, defendant removed his clothing and exposed his genitals to the victim. Defendant threw money on the ground before telling the victim to "[s]uck it," but the victim refused. Defendant then grabbed the victim's head, placed his penis in the victim's mouth, and moved the victim's head up and down. Defendant warned that if the victim told anyone, defendant "would hurt someone." Defendant later moved out of the victim's house, at which point the victim disclosed that defendant had sexually abused him.

Defendant was charged with CSC-I, MCL 750.520b(1)(a), accosting a child for immoral purposes, MCL 750.145a, and distributing sexually explicit material to a minor, MCL 722.675. He was convicted of CSC-I and accosting a child for immoral purposes, but acquitted of the charge

-1-

of distributing sexually explicit material to a minor. Defendant was later sentenced as noted above. This appeal followed.

## II. ANALYSIS

Defendant first argues that evidence of his sexual orientation and pornography preferences was irrelevant, impermissible character evidence, and that it was admitted at trial in violation of MRE 402 and MRE 404(a). He further argues that his attorney was ineffective for failing to object to the evidence. We agree in part.

As an initial matter, we note that "[t]o preserve an evidentiary issue for review, a party opposing the admission of evidence must object at trial and specify the same ground for objection that it asserts on appeal." *People v Thorpe*, 504 Mich 230, 252; 934 NW2d 693 (2019). Although defense counsel briefly raised an objection to the evidence, he did not specify that he was doing so under MRE 404(a). Consequently, the issue is unpreserved, and our review is for plain error. *People v Brown*, 326 Mich App 185, 195; 926 NW2d 879 (2018). To demonstrate plain error, defendant must show that 1) an error occurred, 2) the error was plain, and 3) the error affected his substantial rights. *People v Anderson*, 341 Mich App 272, 279; 989 NW2d 832 (2022), citing *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). To establish the third prong, defendant must show that the error "prejudiced [him] by affecting the outcome of the proceedings." *Id*. Reversal is warranted "when the plain, forfeited error resulted in the conviction of an actually innocent defendant or when an error seriously affected the fairness, integrity or public reputation of judicial proceedings independent of the defendant's innocence." *People v Allen*, 507 Mich 597, 614; 968 NW2d 532 (2021) (quotation marks and citation omitted).

As noted above, defendant's argument is twofold. He first contends that the evidence pertaining to his sexual orientation or preferences was both irrelevant under MRE 402 and inadmissible under MRE 404(a). "Relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." MRE 401. Under MRE 402, "[r]elevant evidence is admissible," unless otherwise provided by state law or court rule, and irrelevant evidence is inadmissible. However, even relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice[.]" MRE 403.

In addition to his testimony about the sexual assault, the victim testified that on a separate occasion, defendant showed him pornographic videos on his cell phone while the two were driving in defendant's truck, and that some of the videos appeared to involve children around his age. Later, the prosecutor cross-examined defendant regarding his use of pornography:

> *Q*. Do you watch pornography on your phone?
>
> *A*. Sometimes, yes.
>
> *Q*. Do you watch pornography with males in it?
>
> *A*. Sometimes, yes.
>
> *Q*. Do you watch pornography with two males in it?

*A.* Sometimes, yes.

*A.* Do you watch transsexual porn?

*Q.* Sometimes, yes.

*Q.* Have you watched porn entitled "White Boy Fucks Black Cross Dresser"?

[Defense Counsel]: Objection. Your Honor, could we sidebar?

\* \* \*

The Court: That—that objection, based on our sidebar, was sustained.

The prosecutor went on to ask defendant about whether he had watched pornography with references to the term "boy" and "stepdad;" defendant answered in the affirmative to each question. The prosecutor then asked the following series of questions:

*Q.* And you are attracted to men; is that correct?

*A.* I'm not sexually attracted, no.

*Q.* So the searches and pornography on your phone would not be considered gay porn, then?

*A.* I—you know, as a fetish, I've—I was a married man.

*Q.* Is that a yes or no?

*A.* Yes.

*Q.* So you would watch gay porn, but your testimony is you're—

[Defense Counsel]: Your Honor, I don't—

By [the Prosecutor]: —not attracted—

[Defense Counsel]: I don't—

By [the Prosecutor]: —to men?

Defense counsel objected, arguing that the question was misleading and that without proper foundation, the definition of what is or is not "gay porn" could not be adequately determined. The objection was overruled. Finally, the prosecutor asked:

*Q.* Mr. Shumate, you would watch porn that showed two males having sex, correct?

-3-

*A.* Correct.

*Q.* And it's your testimony that—that you're not attracted to men, though?

*A.* Correct.

*Q.* Your attorney asked these questions, and I guess I just need some clarification here. So it's your testimony today that you never sexually abused [the victim]?

*A.* Correct.

In the context of the charges against defendant, the prosecutor's questions were largely relevant to establish that defendant showed the victim pornography on his cell phone and to tie defendant's crime against the victim with his predilection for pornography involving stepfathers and stepsons. MRE 402. Thus, the line of questioning pertaining to defendant's use of pornography and some of his search terms related to "boy," "stepdad," and the like, were relevant and admissible. Additionally, such testimony was directly related to the crimes of which defendant was accused, and thus, its probative value substantially outweighed any potential prejudice. MRE 403.

However, the same cannot be said about the evidence pertaining to whether defendant watched "transsexual" pornography, as well questions regarding whether he identified as a gay man. Again, evidence is only relevant if it has the "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." MRE 401. The victim never testified that defendant showed him pornography involving transgender or "transsexual" individuals. Additionally, whether defendant is attracted to adult men has no bearing on, or relation to, the sexual abuse of his minor stepson. "[T]here is no known connection between child abuse and the sexual orientation of those who sexually abuse children[.]" *People v Kosters*, 175 Mich App 748, 755; 438 NW2d 651 (1989).[1] Accordingly, this line of questioning was irrelevant to the matter at hand. MRE 402.

We thus agree with defendant that plain error occurred. *Anderson*, 341 Mich App at 277. We further agree with defendant that the error was unfairly prejudicial. Rather than briefly asking about defendant's use of pornography or limiting the questions to relevant matters, the prosecutor

---

[1] The notion that homosexuality has any relation to the commission of sex crimes against minor children is a concept that has been thoroughly debunked. For example, in a 1994 study, researchers reviewed case files for all child sexual abuse victims treated in a hospital over the course of one year. Of the 352 case files examined, researchers determined that the perpetrator identified as gay or lesbian in less than 1% of cases. Jenny, Roesler, & Poyer, *Are children at risk for sexual abuse by homosexuals?*, 94(1) Pediatrics 41 (1994). The sexual abuse of children is instead a crime related to "power and control and is not anchored by sexual orientation." Zero Abuse Project, *Sexuality of Offenders* <https://www.zeroabuseproject.org/victim-assistance/jwrc/keep-kids-safe/sexuality-of-offenders/> (accessed February 28, 2024). We strongly disavow any conclusion to the contrary as not founded in scientific fact.

doggedly pursued the topic of whether defendant identified as a gay man or watched pornography involving transgender people or gay men. In doing so, the prosecutor improperly attempted to connect the crime committed against the minor victim to societal stereotypes regarding gay or otherwise non-heterosexual men as sexually deviant. Again, there is no connection between a defendant's sexual orientation and the sexual abuse of children. See *Kosters*, 175 Mich App at 755. Given that defendant was on trial for sexual crimes against a young boy, the nature of the prosecutor's questioning was highly inflammatory and created a scenario in which the jury might have found defendant guilty based on its perception of his sexual preferences or sexual identity, rather than solely on the strength of the prosecutor's case-in-chief. We cannot say with certainty that the jury reached a reliable verdict in this instance. Accordingly, defendant has shown that the plain error prejudiced him by undermining the reliability of the proceedings. Defendant is entitled to a new trial on this basis.

Defendant next argues that the prosecutor's cross-examination elicited improper character evidence pursuant to MRE 404(a). Absent certain exceptions, MRE 404(a) prohibits admission of character evidence generally "for the purpose of proving action and conformity therewith on a particular occasion[.]" Defendant's argument is based on his assessment that sexual orientation "would seem to fit" the definition of character evidence. Defendant presents no further argument on this point, and thus, we question whether the matter has been adequately briefed on appeal. Generally, failing to fully brief "the merits of an allegation of error constitutes an abandonment of the issue." *People v Iannucci*, 314 Mich App 542, 545; 887 NW 2d 817 (2016) (quotation marks and citation omitted). However, having already determined that defendant is entitled to a new trial for the reasons discussed *infra*, we need not further address this issue.

Defendant next argues that trial counsel was ineffective for failing to object to the prosecutor's questioning on cross-examination. Defendant preserved this issue by filing a motion for a new trial and by moving for a *Ginther*[2] hearing in the trial court. *People v Jackson (On Reconsideration)*, 313 Mich App 409, 431; 884 NW2d 297 (2015). Because no evidentiary hearing was conducted, our review is limited to the existing record. *People v Abcumby-Blair*, 335 Mich App 210, 227; 966 NW2d 437 (2020). "A defendant's ineffective assistance of counsel claim is a mixed question of fact and constitutional law." *People v Shaw*, 315 Mich App 668, 671; 892 NW2d 15 (2016) (quotation marks and citation omitted). "When reviewing an ineffective assistance of counsel claim, this Court reviews for clear error the trial court's findings of fact and reviews de novo questions of law." *Id*. at 671-672.

To obtain relief on the basis of ineffective assistance of counsel, a defendant must establish that "(1) counsel's performance was below an objective standard of reasonableness and (2) a reasonable probability [exists] that the outcome of the proceeding would have been different but for trial counsel's errors." *People v Head*, 323 Mich App 526, 539; 917 NW2d 752 (2018) (quotation marks and citation omitted; alteration in original). A "defendant bears a heavy burden" to prove that counsel was ineffective. *Id*. (quotation marks and citation omitted).

The record indicates that defense counsel objected to the prosecutor's line of questioning twice. The first objection was in response to the prosecutor questioning defendant about a

---

[2] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

particular pornography title. The explanation for the objection was held in an off-the-record sidebar, but the trial court indicated that the objection was sustained. Defense counsel again objected to the line of questioning regarding whether defendant watched pornography involving two men. The following exchange occurred:

> [Defense Counsel]: [I'm] going to object. I don't know if we can have that definition of—of what gay porn or straight porn is. Without more foundation of what that question is, I—I think it's misleading. I mean, assumption of what it is.

> The Court: I think we all know what gay porn is, I don't think we need a definition. I—

> [Defense Counsel]: Is it—for when that—gay people watch is a porn that heterosexual people watch? Or is it—is it between two—

> The Court: It's porn involving same sex people.

> [Defense Counsel]: Okay. So—that was my question.

> The Court: Okay.

The trial court did not explicitly rule on the objection, but suffice it to say that it was not sustained. Defense counsel raised no further objections to the prosecutor's line of questioning on cross-examination.

On appeal, defendant faults his counsel for failing to specifically object on the grounds that the testimony elicited was irrelevant or prejudicial. However, the fact remains that defense counsel *did* object to the prosecutor's line of questioning—once successfully, once unsuccessfully. Additionally, the record reflects that defense counsel later utilized the prosecutor's cross-examination regarding defendant's sexual orientation and pornography preferences to argue that the prosecutor was attempting to distract the jury from the issues at hand.

Decisions regarding whether to object and what evidence to present at trial are matters of trial strategy. See *People v Horn*, 279 Mich App 31, 39; 755 NW2d 212 (2008); *People v Unger*, 278 Mich App 210, 242; 749 NW2d 272 (2008). Defense counsel's decision not to further object to the prosecutor's questioning of defendant and later utilize it to cast doubt on the strength of the prosecutor's case was a sound trial strategy. That it was ultimately unsuccessful does not amount to ineffective assistance of counsel. See *People v White*, 331 Mich App 144, 149; 951 NW2d 106 (2020). This Court will not "substitute our judgment for that of counsel" or "use the benefit of hindsight when assessing counsel's competence." *Unger*, 278 Mich App at 242-243. Defendant therefore cannot show that counsel's performance fell below an objective standard of reasonableness. *Head*, 323 Mich App at 539.

## III. CONCLUSION

The prosecutor plainly erred by questioning defendant regarding his sexual identity and his preference for pornography involving transgender and gay men. Defendant was unfairly

prejudiced as a result, and he is therefore entitled to a new trial.  In all other respects, defendant has failed to show error warranting relief.

Reversed and remanded for further proceedings consistent with this opinion.  We do not retain jurisdiction.

/s/ Sima G. Patel
/s/ Michelle M. Rick
/s/ Kathleen A. Feeney