*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
July 29, 2025
11:43 AM

Plaintiff-Appellee,

v

No. 369020
Mecosta Circuit Court
LC No. 2020-010035-FC

HARLEY ELIZABETH FEYERABEND,

Defendant-Appellant.

Before: CAMERON, P.J., and REDFORD and GARRETT, JJ.

PER CURIAM.

Defendant appeals by leave granted[1] her sentence of 15 to 55 years' imprisonment for her guilty-plea conviction of assault with intent to commit murder, MCL 750.83.[2] We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case arose when defendant, then 14 years old, attempted to murder her best friend. Defendant, who admitted to having planned the crime months earlier, planted a backpack in the woods behind her home the day before with a kitchen knife, hammer, and water bottle. She told police that the water bottle was there in case she got thirsty. Defendant lured the victim into the woods and stabbed her repeatedly; first with a pocket knife, and then with the kitchen knife. Defendant also struck the victim in the leg and head with the hammer, and reported kicking the victim out of anger because she was more difficult to kill than defendant had anticipated. Defendant called 911, and, at the time, did not express remorse for her actions. She explained that

---

[1] This Court initially denied defendant's application, *People v Feyerabend*, unpublished order of the Court of Appeals, entered March 20, 2024 (Docket No. 369020), but our Supreme Court remanded the case to this Court "for consideration as on leave granted." 513 Mich 1050 (2024).

[2] Defendant pleaded guilty to assault with intent to commit murder in exchange for dismissal of a second count of attempted murder, MCL 750.91.

she planned the attack "because [she] just wanted to." The victim survived, but was left with significant and long-term physical and emotional damage.

The trial court sentenced defendant to 12 to 55 years' imprisonment, which was within her 108-to-180-month guidelines range. Defendant later moved to correct her invalid sentence for reasons not relevant to this appeal. As a result, defendant was resentenced by a different trial court judge, the original judge having since retired, to 15 to 55 years' imprisonment—at the top end of her guidelines range. Defendant sought leave to appeal to this Court, and we remanded the case to the trial court "for the singular purpose of placing on the record why the sentence imposed was proportionate to the offense and the offender." *People v Feyerabend*, unpublished order of the Court of Appeals, entered January 30, 2024 (Docket No. 369020). On remand, the trial court issued a written opinion detailing its reasoning for imposing defendant's sentence. Defendant now appeals.

## II. STANDARDS OF REVIEW

"Sentencing decisions are reviewed for an abuse of discretion." *People v Boykin*, 510 Mich 171, 182; 987 NW2d 58 (2022). "An abuse-of-discretion standard recognizes that there may be more than one principled outcome and the trial court may not deviate from that principled range of outcomes." *Id.* A trial court also abuses its discretion "by violating the principle of proportionality set forth in *People v Melbourn*, 435 Mich 630, 636; 461 NW2d 1 (1990), which requires sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender." *People v Steanhouse*, 500 Mich 453, 459-460; 902 NW2d 327 (2017) (quotation marks omitted). Unpreserved claims of constitutional error are reviewed for plain error affecting a defendant's substantial rights. *People v Carines*, 460 Mich 750, 764; 597 NW2d 130 (1999).

## III. CONSIDERATIONS OF YOUTH

Defendant first argues that her sentence is invalid because the trial court failed to consider her youth. We disagree.

Defendant relies upon *Miller v Alabama*, 567 US 460; 132 S Ct 2455; 183 L Ed 2d 407 (2012), to support her argument that the trial court was obligated to consider her youth as a mitigating factor at sentencing. More generally, defendant also points to a trend in Michigan caselaw toward requiring that youth be considered when sentencing juveniles for murder convictions involving life sentences. In this case, we note that defendant was not convicted of murder, and received a within-guidelines term-of-years sentence. Therefore, her sentence was presumptively reasonable. Indeed, defendant acknowledges that there is no specific caselaw mandating her proposed extension of *Miller* to a term of years sentence for assault with intent to murder, but argues that the reasoning in *Miller* should still apply here. We need not decide whether this requirement should be extended in this case, because the trial court did consider defendant's youth when it resentenced her.

In *Boykin*, 510 Mich at 177-178, 189, our Supreme Court considered whether youth must be considered when imposing term-of-years sentences on juveniles who were convicted of first-degree murder, concluding that youth must be considered in such situations. The Court noted,

however, that while "[t]rial courts must consider youth as a mitigating factor" in these situations, "this consideration need not be articulated on the record." *Id*. at 193-194. At defendant's resentencing, the trial court stated that it "listened to all of the testimony" that was provided during the hearing and read defendant's sentencing memorandum and attached documents. The "testimony" referenced by the trial court includes that of two of defendant's experts, who testified at length about the effects of youth on cognitive function and decision-making as well as defendant's specific growth and development since being incarcerated. In addition, defendant's sentencing memorandum addressed defendant's psychological evaluation, which discussed the immaturity of defendant's frontal lobe and its impact on her decision-making capabilities, and also addressed her growth and progress toward rehabilitation. Finally, the documents attached to defendant's sentencing memorandum reviewed by the trial court included the actual psychological evaluation as well as numerous letters of support for defendant. Given the extensive discussion of defendant's youth in this evidence, the trial court did consider defendant's youth when it resentenced her, even though it did not specifically articulate doing so. *Id*.

## IV. PROPORTIONALITY

Defendant also argues her sentence is disproportionate because the trial court failed to consider her youth and other mitigating factors, including her mental illness, progress while incarcerated, remorse, childhood abuse, at-school bullying, unmonitored internet activity, and rehabilitative potential. We disagree.

Defendant's sentence is within her guidelines range. Thus, defendant must overcome the rebuttable presumption that her sentence is proportionate. *People v Klungle*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket Nos. 364125 and 367795); slip op at 5. That is, "because defendant's sentence[] [was] within [her] calculated guidelines range, defendant bears the burden of demonstrating the sentence[] [is] unreasonable and disproportionate." *Id*. A sentence is reasonable if it is "proportionate to the seriousness of the circumstances surrounding the offense and the offender." *Steanhouse*, 500 Mich at 460 (quotation marks and citation omitted).

Defendant argues that her sentence is disproportionate because the trial court did not provide an individualized sentence that considered the mitigating factors listed above. But, as explained, the trial court considered her youth in fashioning her sentence, and its statements on the record about listening to the hearing testimony and reading defendant's sentencing memorandum also necessarily indicate that it considered the other factors, because this evidence extensively addressed them. Despite this evidence, the trial court believed the sentence was proportionate given the severity of the crime and impact on the victim, as well as the need to protect society and deter others from similar acts. Furthermore, while defendant claims that the trial court failed to consider various mitigating factors, she fails to explain on appeal *how* these factors render her sentence disproportionate in light of the trial court's stated reasons. "An appellant may not merely announce [her] position and leave it to this Court to discover and rationalize the basis for [her] claims[.]" *People v Iannucci*, 314 Mich App 542, 545; 887 NW2d 817 (2016) (quotation marks and citation omitted). "The failure to brief the merits of an allegation of error constitutes an abandonment of the issue." *Id*. (quotation marks and citation omitted).

## V. RELOCATION TO MDOC

Defendant next argues that the trial court erred by ordering that she be moved to a Michigan Department of Corrections (MDOC) adult prison when she turned 18, despite her request to remain at the therapeutic juvenile facility until she turns 21. We disagree.

An individual is legally recognized as an adult when they turn 18 years old, and is subject to incarceration in an adult penal institution for crimes they commit. While our caselaw reflects that individuals under 18 years old may not yet have fully developed brains and cognitive capabilities, 18-year-olds are still adults under the law. See, e.g., *People v Stewart*, 512 Mich 472, 490; 999 NW2d 717 (2023). As the United States Supreme Court has recognized:

> Drawing the line at 18 years of age is subject, of course, to the objections always raised against categorical rules. The qualities that distinguish juveniles from adults do not disappear when an individual turns 18. By the same token, some under 18 have already attained a level of maturity some adults will never reach. For the reasons we have discussed, however, a line must be drawn. . . . The age of 18 is the point where society draws the line for many purposes between childhood and adulthood. [*Roper v Simmons*, 543 US 551, 574; 125 S Ct 1183; 161 L Ed 2d 1 (2005).]

"At its core, an abuse of discretion standard acknowledges that there will be circumstances in which there will be no single correct outcome; rather, there will be more than one reasonable and principled outcome." *People v Babcock*, 469 Mich 247, 269; 666 NW2d 231 (2003). "When the trial court selects one of these principled outcomes, the trial court has not abused its discretion and, thus, it is proper for the reviewing court to defer to the trial court's judgment." *Id*. It is immaterial whether this Court—or anyone else—believes that defendant would be better served in a juvenile facility. The trial court was well within the range of reasonable and principled outcomes when it ordered that a legal adult be transferred to an adult penal institution, and this Court must defer to the trial court's reasonable decision. *Id*.

## VI. AUTOMATIC WAIVER STATUTE

Defendant finally argues that the automatic waiver statute, MCL 712A.4, which allowed her to be automatically charged as an adult at age 14, is unconstitutional. We disagree.

Defendant concedes that our Supreme Court previously addressed the constitutionality of the automatic waiver statute in *People v Hana*, 443 Mich 202, 214, 219-220; 504 NW2d 166 (1993), and concluded it was constitutional. Nonetheless, she argues *Hana* was decided before *Miller*, 567 US at 460, and warrants reevaluation. "[I]n our hierarchical court structure, the Michigan Supreme Court is the appellate court of last resort with respect to Michigan law and this Court is bound to follow its decisions so long as the Michigan Supreme Court itself has not overruled them." *People v Jade*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 365951); slip op at 3-4. "As our Supreme Court has stated, 'the Court of Appeals is bound to follow decisions by this Court except where those decisions have clearly been overruled or superseded and is not authorized to anticipatorily ignore our decisions where it determines that the foundations of a Supreme Court decision have been undermined.' " *Id*. at ___; slip op at 4

(brackets, emphasis, and citation omitted). "It is the Supreme Court's obligation to overrule or modify case law if it becomes obsolete, and until that Court takes such action, the Court of Appeals and all lower courts are bound by that authority." *Id.* (quotation marks, brackets, and citation omitted). We need not address defendant's argument in this respect, because we are bound by *Hana*'s conclusion unless and until our Supreme Court rules otherwise.[3]

Affirmed.

/s/ Thomas C. Cameron
/s/ James Robert Redford
/s/ Kristina Robinson Garrett

---

[3] Because defendant is not entitled to resentencing, we need not consider her argument regarding whether resentencing should be conducted before a different judge.