*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
October 23, 2025
1:58 PM

Plaintiff-Appellee,

v

No. 371908
Wayne Circuit Court
LC No. 23-003816-01-FH

EMEAL WILSON,

Defendant-Appellant.

Before: FEENEY, P.J., and BORRELLO and BAZZI, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions for three counts of carrying a concealed weapon (CCW), MCL 750.227. The trial court sentenced defendant to serve 44 days in jail. We affirm.

## I. FACTS

This case arises out of a traffic stop for improper plates. During the stop, defendant indicated that there were weapons in the vehicle and that he had a suspended concealed pistol license. When defendant refused to step out of the vehicle, he was arrested. A search of his vehicle yielded three handguns, one of which was loaded. Two of the weapons were registered to defendant, but the weapon that was loaded was not registered to anyone. At trial, defendant waived his right to counsel and chose to represent himself, with his appointed attorney serving as standby counsel. Throughout trial, defendant repeatedly emphasized that at the time of the traffic stop, he was homeless and living in his car. He also maintained that all his weapons were registered. The jury found defendant guilty as charged, and the trial court sentenced defendant, as stated earlier. Defendant now appeals.

## II. JURY QUESTIONS

On appeal, defendant argues that the trial court erred in refusing to answer questions that were asked by the jury and such error interfered with the jury's power to nullify. In the alternative, defendant argues that he was deprived of the effective assistance of his standby counsel who did not object to the claimed error. We disagree.

## A. WAIVER AND ABANDONMENT

After this case was submitted to the jury, the jury asked for additional guidance on a handful of topics, one of which related to defendant's homelessness. Specifically, the jury asked, "[I]s it illegal to live in your car? Is it considered private property? If so, does the carrying concealed weapon apply?" The trial court did not answer the question, instead instructing the jury that it "received all of the instructions and law in this case. That's all we have. I don't have any additional legal instructions for you." The trial court then asked defendant if he was "satisfied with [the court's] instructions to the jury," and defendant replied, "Yeah." Accordingly, defendant admits that "[t]his issue was certainly not preserved and in fact the defendant voiced approval of the response crafted by the judge . . . ."

"One who waives his rights under a rule may not then seek appellate review of a claimed deprivation of those rights, for his waiver has extinguished any error." *People v Kowalski*, 489 Mich 488, 503; 803 NW2d 200 (2011) (quotation marks and citation omitted). Because defendant expressly approved of the trial court's response to the jury's questions, defendant has waived any argument that the instructions were erroneous. *Id*.

Furthermore, by not including his claim of ineffective assistance of standby counsel in his statement of the questions presented, defendant has abandoned the claim. See *People v Miller*, 238 Mich App 168, 172; 604 NW2d 781 (1999) (An issue is abandoned if it is not raised in the statement of the questions presented.). Nonetheless, we note that "[a] defendant who asserts his right to self-representation has no absolute entitlement to standby counsel." *People v Kevorkian*, 248 Mich App 373, 422; 639 NW2d 291 (2001). Therefore, "[w]ith no constitutional right to an attorney, a defendant proceeding in propria persona has no basis to claim that the attorney must abide by constitutional standards." *Id*. at 424.

## III. STANDARD 4 BRIEF

Defendant's Standard 4 brief does not contain a coherent statement of questions presented or legal argument. "An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give only cursory treatment with little or no citation of supporting authority." *People v Iannucci*, 314 Mich App 542, 545; 887 NW2d 817 (2016) (quotation marks and citation omitted). "The failure to brief the merits of an allegation of error constitutes an abandonment of the issue." *Id*. (quotation marks and citation omitted). Accordingly, any claimed error presented in defendant's Standard 4 brief is abandoned. See *id*.

Affirmed.

/s/ Kathleen A. Feeney
/s/ Stephen L. Borrello
/s/ Mariam S. Bazzi