*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
December 15, 2025
10:11 AM

Plaintiff-Appellee,

v

No. 365696
Wayne Circuit Court
LC No. 21-004622-01-FC

DAMIA IMANI FOSTER,

Defendant-Appellant.

Before: TREBILCOCK, P.J., and PATEL and WALLACE, JJ.

PER CURIAM.

A jury convicted defendant of second-degree murder after she stabbed her former boyfriend to death during a planned custody exchange of their child. The trial court then sentenced her to 25 to 50 years' imprisonment. On appeal, defendant asserts prosecutorial error during closing argument and several claims of ineffective counsel. Finding these arguments unpersuasive, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

This case arises out of the murder of Charles Glover, Jr., in 2021. Defendant and Glover dated from approximately 2018 to 2020, and had a child together. Both parties were violent towards one another throughout their courtship and after, but they shared custody of their child despite their continued tumultuous relationship. Concerns over domestic violence prompted defendant to move back to her mother's house with the child. In early 2021, Glover started dating someone new. Defendant maintained Glover and she had an agreement about how and when new romantic partners could be introduced to their child. Glover's breach of this understanding precipitated defendant's murder of Glover.

Early in the morning of June 7, 2021, defendant sent Glover increasingly belligerent text messages about him introducing their child to his new girlfriend. In those messages, she unambiguously stated multiple times that she was going to fight Glover when he dropped their child off and that she was going to stab him. Defendant later claimed she was drunk during the text exchange, and ultimately tempered these threats, texting Glover that she was not going to fight him but just wanted their child back.

-1-

Later that same day, Glover arrived at the home of defendant's mother, as previously agreed, to drop off their child. Defendant requested that Glover leave their child's belongings on the porch and asked her mother to take the child inside. In the prosecution's view, this further reflected premeditation—defendant then stabbed and killed Glover. Forensic evidence presented at trial established that a knife handled by defendant had Glover's blood on it and that Glover suffered several stab wounds, including a fatal one to the chest. And when questioned at the scene by responding police officers, defendant admitted that "she did it." Officers also found an unopened box cutter and glasses near Glover.

To counter this evidence and the prosecution's first-degree murder theory, defendant testified on her own behalf. She claimed that after their child went inside, she told Glover that he could not have custody of their child on the weekends going forward. Glover responded by putting defendant into a chokehold and slamming her against his truck. She says she broke free, and out of fear of further attacks, ran inside, grabbed a kitchen knife, and came back outside to confront Glover. On her return, Glover swung a box cutter at her. She responded by swinging the kitchen knife at—and ultimately killing—Glover.

Based on this and other evidence, a jury rejected both the prosecution's premeditation theory and defendant's self-defense theory, convicting defendant of second-degree murder under MCL 750.317. The trial court then sentenced defendant to 25 to 50 years' imprisonment. Defendant now appeals.

## II. PROSECUTORIAL ERROR

Defendant argues that she was deprived of a fair trial because the prosecutor's closing argument mischaracterized the fight between her and Glover. We disagree.

A prosecutor who abandons the "responsibility to seek justice" and denies a defendant a fair and impartial trial has erred.[1] *People v Lane*, 308 Mich App 38, 62; 862 NW2d 446 (2014). A defendant is denied constitutionally protected due process where the prosecution makes improper remarks that result in a conviction. *Id*. Not all improper comments result in a denial of due process though, and the prosecution's comments must be read in context. *People v Mann*, 288 Mich App 114, 119; 792 NW2d 53 (2010). The prosecution may argue any facts in evidence and any reasonable inferences arising from those facts during their closing argument. *Lane*, 308 Mich App at 63. Error will also not be found if a curative instruction was given, as such instructions are sufficient to cure most prejudicial effects, and jurors are presumed to follow them. *People v Unger*, 278 Mich App 210, 235; 749 NW2d 272 (2008). This Court reviews claims of prosecutorial error de novo. *People v Loew*, 340 Mich App 100, 125; 985 NW2d 255 (2022).

Read in context, defendant was not deprived of a fair and impartial trial. In its closing argument, the prosecution alleged that the victim had been running away from defendant—that he was "running for his life." This was a reasonable inference given the facts of the case. *Lane*, 308

---

[1] Prosecutorial misconduct is a term of art used in criminal appeals. Technical or accidental errors by a prosecutor may more fairly be termed prosecutorial error. *People v Cooper*, 309 Mich App 74, 87-88; 867 NW2d 452 (2015).

Mich App at 63. Glover had three superficial wounds: two on his right hand and one on his neck. According to the medical examiner, the wounds to his hand may have been defensive. Glover's unopened box cutter, glasses, and keys were also scattered in various places across the lawn, suggesting that he chose to flee rather than to fight. With that evidence, and defendant going inside the house and coming back outside with a kitchen knife, it was reasonable to assert that Glover was fleeing from defendant when defendant stabbed him (as opposed to Glover being the aggressor, as suggested by defendant). *Id.*

Even if the prosecution's inference was unreasonable, we see no error requiring reversal. The trial court provided curative instructions, instructing the jury that opening and closing arguments were not evidence, and the jury should only consider admissible evidence. Because the jury is presumed to follow the trial court's directions, any error was cured. *Unger*, 278 Mich App at 235.

For these reasons, defendant has not demonstrated that prosecutorial error deprived her of a fair and impartial trial.

## III. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant next argues that her trial counsel was ineffective for failing to request additional jury instructions, interview and call additional witnesses, and present mitigating factors during sentencing. We disagree.

The constitutions of the United States and Michigan guarantee effective assistance of counsel. US Const, Am VI; Const 1963, art 1, § 20. To prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate "that (1) counsel's performance fell below an objective standard of reasonableness and (2) but for counsel's deficient performance, there is a reasonable probability that the outcome would have been different." *People v Trakhtenberg*, 493 Mich 38, 52; 826 NW2d 136 (2012). A reasonable probability is one that undermines confidence in the result of the trial. *Strickland v Washington*, 466 US 668, 694; 104 S Ct 2052; 80 L Ed 2d 674 (1984). Because we presume counsel to be effective, *id.* at 690, a defendant bears the burden of proving any deficiency of counsel, *People v Head*, 323 Mich App 526, 539; 917 NW2d 752 (2018).

Counsel is given wide discretion in matters of strategy, and it is presumed that counsel's actions are based on a sound strategy. *Strickland*, 466 US at 689-690. This Court cannot "substitute [its] judgment for that of counsel on matters of trial strategy, nor will we use the benefit of hindsight when assessing counsel's competence." *Loew*, 340 Mich App at 120 (alteration in original; quotation marks and citation omitted). Strategic decisions of counsel still must be objectively reasonable. *Trakhtenberg*, 493 Mich at 52.

"The question whether defense counsel performed ineffectively is a mixed question of law and fact; this Court reviews for clear error the trial court's findings of fact and reviews de novo questions of constitutional law." *Id.* at 47. Clear error has occurred when we have a "definite and firm conviction" that the trial court erred. *People v Douglas*, 496 Mich 557, 592; 852 NW2d 587 (2014) (quotation marks and citation omitted). Because no evidentiary hearing was held, "our review is limited to mistakes apparent on the record." *People v Payne*, 285 Mich App 181, 188; 774 NW2d 714 (2009).

## A. JURY INSTRUCTIONS

We first consider defendant's assertion that her trial counsel should have requested an instruction under M Crim JI 7.23.

Criminal defendants have the right to a properly instructed jury. *People v Ogilvie*, 341 Mich App 28, 34; 989 NW2d 250 (2022). Jury instructions must contain all elements of the crimes and should not exclude material issues or defenses supported by evidence. *Id*. at 35. The instructions must clearly present the applicable law. *People v McKinney*, 258 Mich App 157, 162; 670 NW2d 254 (2003). However, reversal is not required even if the instructions were imperfect, so long as they fairly presented the issues and were sufficient to protect the defendant's rights. *People v Fennell*, 260 Mich App 261, 265; 677 NW2d 66 (2004). It is presumed that the jury follows its instructions. *People v Zitka*, 335 Mich App 324, 348; 966 NW2d 786 (2020).

Defendant argues that trial counsel was ineffective for not requesting M Crim JI 7.23(1). It reads: "There has been evidence that the decedent may have committed violent acts in the past and that the defendant knew about these acts. You may consider this evidence when you decide whether the defendant honestly and reasonably feared for her safety."

Assuming without deciding that trial counsel's decision not to request this instruction fell below an objective standard of reasonableness, defendant has not demonstrated that she was prejudiced. *Trakhtenberg*, 493 Mich at 52; *Ogilvie*, 341 Mich App 35. Extensive self-defense instructions were provided to the jury, including:

> First, at the time she acted the Defendant *must have honestly and reasonably believed that she was in danger of being killed or seriously injured*. If the Defendant's belief was honest and reasonable, she could act immediately to defend herself even if it turned out later that she was wrong about how much danger she was in.

> In deciding if the Defendant's belief was honest and reasonable, you should consider *all of the circumstances as they appeared to the Defendant* at the time.

> * * *

> When you decide if the Defendant was afraid of one or more of these, you should consider all of the circumstances, such as the condition of the people involved, including their relative strength, whether the other person was armed with a dangerous weapon or had some other means of injuring the Defendant, the nature of the other person's attack or threat, *whether the Defendant knew about any previous violent acts or threats made by the other person*. [Emphasis added.]

Though the exact language contained in M Crim JI 7.23 was not provided, the trial court fairly and sufficiently instructed the jury that it should consider how the circumstances may have appeared to defendant, factoring in her knowledge of victim's past acts. *Fennell*, 260 Mich App at 265. Accordingly, including M Crim JI 7.23 would not have introduced a new concept or defense to the jury, as the same material had been adequately presented to the jury.

In sum, even if trial counsel's performance fell below a reasonable standard, because we presume that the jury follows its instructions, defendant has not demonstrated that she was prejudiced. *Zitka*, 335 Mich App at 348; *Head*, 323 Mich App at 539.

## B.  WITNESSES

Defendant's challenge to her trial counsel's alleged failure to discover and call additional witnesses regarding the history of domestic violence between defendant and Glover fares no better.

"Decisions regarding what evidence to present, whether to call witnesses, and how to question witnesses are presumed to be matters of trial strategy." *People v Horn*, 279 Mich App 31, 39; 755 NW2d 212 (2008).  Counsel has a duty to undertake a reasonable investigation, or make a reasonable determination that certain investigations are unnecessary. *Loew*, 340 Mich App at 121.  If counsel performed an inadequate investigation, this constitutes ineffective assistance of counsel only if confidence in the trial's outcome is undermined. *People v Russell*, 297 Mich App 707, 716; 825 NW2d 623 (2012).

Defendant alleges that there were witnesses who could have corroborated her claim that Glover had pointed a gun at her in December 2020.  Controlling law has us presume that trial counsel's decision to not call witnesses regarding whether Glover pointed a gun at defendant was a matter of trial strategy. *Horn*, 279 Mich App at 39.  And counsel had good reason not to do so.

Glover's stabbing occurred on June 7, 2021, approximately six months after he allegedly pointed a gun at defendant.  There was also no testimony that defendant believed Glover had a gun on him when he dropped their child off or threatened her in the hours before the custody exchange.  Trial counsel's argument in favor of self-defense focused on claiming that the prosecution failed to meet its burden in proving, beyond a reasonable doubt, that defendant had not acted in self-defense.  Though this strategy was unsuccessful, we do not analyze the strategic decisions of trial counsel with the benefit of hindsight. *Loew*, 340 Mich App at 120.  Given the overwhelming number of threatening text messages that were sent by defendant in the 24 hours before the stabbing, trial counsel reasonably focused on arguing that these messages did not vitiate a claim of self-defense, rather than calling unidentified witnesses to discuss a months-old incident. *Trakhtenberg*, 493 Mich at 52.

Additionally, that violence had occurred between defendant and Glover was not a fact at issue.  The prosecution agreed that Glover and defendant had a "very toxic relationship" that involved domestic violence, and even Glover's father testified about some of the violent interactions between the two.  Nor was there testimony refuting defendant's claim that Glover pointed a gun at her in December 2020.  It was thus reasonable for trial counsel to make the strategic decision not to call additional witnesses about whether Glover had pointed a gun at defendant when it was agreed that Glover behaved violently towards defendant in the past. *Id*.  Given that defendant's claim was undisputed, calling a witness who may have said something else or told a contradictory version of the events presented an inherent—and unnecessary—risk.

Even if trial counsel's failure to call these other witnesses fell below an objective standard of reasonableness, defendant has not shown that she was prejudiced by this decision. *Id*.  She provided no affidavits from or information about these witnesses, and our review is limited to

errors apparent on the record. *Payne*, 285 Mich App at 188. There is no indication in the record that these witnesses existed, would have provided favorable testimony, or that defendant was prejudiced by these witnesses not being called.

For these reasons, defendant has not overcome the strong presumption that her trial counsel's performance was based on sound trial strategy, *Trakhtenberg*, 493 Mich at 52, and thus failed to demonstrate that trial counsel's failure to call additional witnesses regarding the December 2020 incident denied her effective assistance of counsel, *Head*, 323 Mich App at 539.

## C. SENTENCING

Defendant's final claim of ineffective counsel cites trial counsel's failure to file a sentencing memorandum and argue certain mitigating factors.

Failing to argue mitigating factors for sentencing may constitute ineffective assistance of counsel. See *People v Nard*, ___ Mich App ___, ___; ___ NW3d ___ (2025) (Docket No. 369185); slip op at 11. If a trial counsel fails to "uncover and present any evidence of [the defendant's] mental health or mental impairment" during sentencing, this constitutes ineffective assistance of counsel. *Porter v McCollum*, 558 US 30, 40; 130 S Ct 447; 175 L Ed 2d 398 (2009). It may be unreasonable for a trial counsel to not investigate beyond available records, particularly when considering the information contained in the presentence investigation report (PSIR). See *Wiggins v Smith*, 539 US 510, 524-525; 123 S Ct 2527; 156 L Ed 2d 471 (2003) (finding that the defense counsel in a capital punishment case fell below an objective standard of professional reasonableness when failing to further investigate reports of the abuse the defendant had experienced when growing up). However, defense counsel is not ineffective for failing to argue unknown mitigating factors. *People v Buie*, 298 Mich App 50, 66; 825 NW2d 361 (2012).

Defendant argues that trial counsel's failure to file a sentencing memorandum constituted ineffective assistance of counsel, but she cites to no supporting caselaw. "An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give only cursory treatment with little or no citation of supporting authority." *People v Iannucci*, 314 Mich App 542, 545; 887 NW2d 817 (2016) (quotation marks and citation omitted). Thus, defendant has abandoned her argument that trial counsel was ineffective for failing to file a sentencing memorandum. *Id*. We will not consider this argument further.

She also argues that her trial counsel was ineffective for failing to thoroughly investigate the mitigating factors that may have been applicable to defendant's case. We initially note that defendant only cites to caselaw from the Sixth Circuit, which, while at times persuasive, is not binding on this Court. *People v DeRousse*, 341 Mich App 447, 456; 991 NW2d 596 (2022). Beyond this dearth of applicable and controlling case law, Defendant has not demonstrated she received ineffective assistance of counsel during sentencing because there is no information in the record suggesting trial counsel did not adequately investigate mitigating factors.

To the contrary, the transcripts evidence that trial counsel was an active participant during the sentencing hearing—he argued against the scoring of offense variable 10, exploitation of a vulnerable victim; mentioned that defendant's prior convictions stemmed from the same incident; and emphasized that there was provocation from Glover. And more to the point, the PSIR set forth

additional information for the trial court to consider. It mentioned that defendant struggled with depression and anxiety in the past and had not completed high school. While defendant attempted suicide in 2015, the PSIR revealed that she had not sought any mental health treatment in the intervening years and she herself does not link this apparently isolated act to ongoing mental health issues or prior abuse or neglect. The PSIR also stated that defendant had reported no abuse or neglect and that she had a good childhood. Even on appeal, she does not explain what other mitigating factors were present that trial counsel should have investigated, differentiating her reliance on counsel's performance in *Wiggins*, who failed to further investigate abuse and trauma that the defendant reported in the PSIR and other documents. 539 US at 524-525. Trial counsel, therefore, was not ineffective for failing to present more (and still unknown) mitigating factors. *Buie*, 298 Mich App at 66.

Even if trial counsel's performance was not objectively reasonable, defendant was not prejudiced. The trial court must impose a sentence that is proportionate to "the seriousness of the circumstances surrounding the offense and the offender." *People v Steanhouse*, 500 Mich 453, 459-460; 902 NW2d 327 (2017) (quotation marks and citation omitted). A sentence that is within the guidelines is presumed to be proportionate, and the defendant bears the burden of rebutting that presumption. *People v Posey*, 512 Mich 317, 359; 1 NW3d 101 (2023).

Defendant argues that she was given a disproportionate sentence, but cites to no law regarding proportionality. Defendant was sentenced to 25 to 50 years' imprisonment for second-degree murder, which is within the guidelines' minimum sentence range of 15 to 25 years' imprisonment. MCL 777.61. Because defendant has not demonstrated that her sentence is disproportionate, she was not prejudiced.

## IV. CONCLUSION

Because the prosecution made reasonable inferences, the jury instructions given adequately presented the theory of self-defense, trial counsel's decision to not call other witnesses was a matter of strategy, and mitigating factors were presented to the trial court, we affirm.

/s/ Christopher M. Trebilcock
/s/ Sima G. Patel
/s/ Randy J. Wallace