*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
February 10, 2026
10:51 AM

Plaintiff-Appellee,

v

No. 373823
Livingston Circuit Court
LC No. 2023-027797-FH

MARK DAVID SESSIONS,

Defendant-Appellant.

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

No. 373824
Livingston Circuit Court
LC No. 2024-028258-FH

MARK DAVID SESSIONS,

Defendant-Appellant.

Before: BORRELLO, P.J., and MARIANI and TREBILCOCK, JJ.

PER CURIAM.

These consolidated appeals arise from defendant's convictions in two separate cases, which the trial court joined for a single jury trial by stipulation of the parties. On appeal, defendant claims that such stipulation deprived him of the effective assistance of counsel. We disagree and affirm defendant's convictions and sentences.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

While responding to a complaint of domestic violence between defendant and his girlfriend in February 2023, a Livingston County Sheriff's Department deputy saw a small, plastic vial fall from defendant's person and onto the ground. The deputy recognized the vial as one typically used "to hold narcotics," and later testing confirmed it contained methamphetamine. This

encounter resulted in case number 2023-027797-FH, in which defendant was charged, in relevant part, with possession of methamphetamine, MCL 333.7403(2)(b)(*i*).

Defendant was released on bond subject to several conditions, including that he personally appear at the trial court proceedings; remain in the state; refrain from using alcohol and illegal controlled substances; and submit to random alcohol and drug screenings. After allegedly testing positive for illegal substances, however, defendant failed to appear for a May 2023 pretrial hearing, and the trial court issued a bench warrant for his arrest. The bail bond company's recovery agent eventually found him hiding in an attic-like space in his home that December. Once recovered, defendant was charged with absconding or forfeiting bond, MCL 750.199a, in case number 2024-028258-FH.

The prosecution moved to join the two cases under MCR 6.120 but, before the trial court ruled on the motion, defense counsel stipulated to the joinder. Defendant ultimately faced two counts at the ensuing trial: (1) possession of methamphetamine, and (2) absconding on bond. The jury found defendant guilty of both. Defendant now appeals.

## II. ANALYSIS

In his sole issue on appeal, defendant claims that his trial counsel's stipulation to join the two cases for trial constituted ineffective assistance of counsel.[1] We disagree.

"Whether a person has been denied effective assistance of counsel is a mixed question of fact and constitutional law." *People v Abcumby-Blair*, 335 Mich App 210, 227; 966 NW2d 437 (2020) (quotation marks and citation omitted). "Findings of fact are reviewed for clear error, while constitutional determinations are reviewed de novo." *Id*. (quotation marks and citation omitted). Defendant did not move in the trial court for a new trial or an evidentiary hearing, and this Court denied his appellate motion for remand to the trial court for a *Ginther*[2] hearing "without prejudice to a case call panel of this Court determining that remand is necessary[.]" *People v Sessions*, unpublished order of the Court of Appeals, entered June 16, 2025 (Docket Nos. 373823 and 373824). For the reasons set forth below, review of defendant's claim on the present record reveals no basis for relief, and we continue to see no need for a remand to properly dispose of that claim.

---

[1] In his statement of the question presented, defendant also claims the stipulation deprived him of due process. However, defendant does not offer any argument in support of this position. Indeed, the only other mention of due process in his appellate brief is a string citation that includes the Due Process Clause of the United States Constitution to support the general proposition that the joinder prejudiced him and that his trial counsel was ineffective for agreeing to it. "An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give only cursory treatment with little or no citation of supporting authority." *People v Iannucci*, 314 Mich App 542, 545; 887 NW2d 817 (2016) (quotation marks and citation omitted). Defendant has abandoned his due-process claim by failing to brief its merits, and we thus decline to address it. *Id*.

[2] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

-2-

Criminal defendants have a constitutional right to the effective assistance of counsel. US Const, Am VI; Const 1963, art 1, § 20; *People v Yeager*, 511 Mich 478, 488; 999 NW2d 490 (2023). To prevail on an ineffective-assistance claim, "a defendant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) but for counsel's deficient performance, there is a reasonable probability that [the] outcome would have been different." *Id*. (quotation marks and citation omitted). "Effective assistance of counsel is presumed, and [the] defendant bears a heavy burden to prove otherwise." *People v Baham*, 321 Mich App 228, 236; 909 NW2d 836 (2017) (quotation marks and citation omitted). Notably, "[f]ailing to advance a meritless argument or raise a futile objection does not constitute ineffective assistance of counsel." *Id*. (quotation marks and citation omitted).

Underlying defendant's ineffective-assistance claim is his belief that MCR 6.120(C) mandated the separation of his cases. That rule requires a trial court, on a defendant's motion, to "sever for separate trials offenses that are not related as defined in [MCR 6.120(B)(1)]." Subrule (B)(1), in turn, defines "related" offenses as those based on "the same conduct or transaction," "a series of connected acts," or "a series of acts constituting parts of a single scheme or plan." MCR 6.120(B)(1)(a)-(c). See also *People v Bailey*, 310 Mich App 703, 718-719; 873 NW2d 855 (2015). Other factors relevant to determining whether joinder is appropriate "include the timeliness of the motion, the drain on the parties' resources, the potential for confusion or prejudice stemming from either the number of charges or the complexity or nature of the evidence, the potential for harassment, the convenience of witnesses, and the parties' readiness for trial." MCR 6.120(B)(2).

In defendant's view, had his trial counsel objected—rather than stipulated—to the joinder of his cases, MCR 6.120 would have required the trial court to sever them. In support, he relies primarily on *People v Tobey*, 401 Mich 141; 257 NW2d 537 (1977), and *People v Daughenbaugh*, 193 Mich App 506; 484 NW2d 690 (1992). But those matters are no longer good law—our Supreme Court has expressly held that MCR 6.120 superseded *Tobey*, and similarly "reject[ed] the analysis of *Daughenbaugh* in accordance with the plain language of MCR 6.120." *People v Williams*, 483 Mich 226, 238-239; 769 NW2d 605 (2009).

Even looking past this void in defendant's argument, MCR 6.120(C) does not mandate separate trials in this case. Subrule (B)(1) defines related offenses to include "a series of connected acts." MCR 6.120(B)(1)(b). Here, defendant's absconding case arose directly out of his bond-condition violation—i.e., his failure to appear—in the possession case. As such, the two offenses were based on a series of connected acts under MCR 6.120(B)(1)(b). What is more, defendant does not claim, nor does the record indicate, that any other relevant factor weighed against joinder. See MCR 6.120(B)(2). Joinder of the two cases was therefore appropriate under MCR 6.120(B). Because "[f]ailing to advance a meritless argument or raise a futile objection does not constitute ineffective assistance of counsel," defendant has thus failed to overcome the strong presumption that his trial counsel's assistance was effective. *Baham*, 321 Mich App at 236 (quotation marks and citation omitted).

Even assuming the cases should have remained separate under MCR 6.120(C) and that defense counsel's stipulation to the joinder fell below an objective standard of reasonableness, defendant cannot demonstrate a reasonable probability that the outcome would have been different had his cases remained separate. *Yeager*, 511 Mich at 488. Significantly, under MRE 404(b),

evidence of defendant's flight would have been admissible to support an inference of defendant's consciousness of guilt in a separate possession trial, *People v Unger*, 278 Mich App 210, 226; 749 NW2d 272 (2008), and evidence of the possession charge would have been admissible in a separate trial to establish a necessary element of absconding—i.e., that defendant absconded from a criminal proceeding where a felony was charged, *People v Litteral*, 75 Mich App 38, 42; 254 NW2d 643 (1977). The presentation of testimony and evidence related to defendant's failure to appear and other violations of his bond conditions in his trial for possession would have occurred absent the joinder. Moreover, the trial court instructed the jury regarding the separate nature of the offenses; the jurors' responsibility to consider each of the charged offenses separately and ability to find defendant guilty of one or both; and that evidence of defendant's flight did not necessarily prove his guilt. Under these circumstances, defendant cannot demonstrate a reasonable probability that, but for his trial counsel's stipulation to join the two cases, the outcome would have been different. *People v Wisniewski*, ___ Mich App ___, ___; ___ NW3d ___ (2025) (Docket No. 361978); slip op at 6; cf. *Williams*, 483 Mich at 243-245.

In arguing to the contrary, defendant notes that the prosecution did not file a notice of intent to use other-acts evidence as required under MRE 404(b)(3). However, he provides no legal authority indicating that the prosecution needed to do so once the cases were joined, nor that its failure to do so would necessarily render misjoinder prejudicial. His reliance on language from *Daughenbaugh*, 193 Mich App at 511—for the proposition that formally facing additional charges in one trial has a greater negative effect on a defendant than presenting evidence of other uncharged offenses in a separate trial—is equally unpersuasive because, as discussed, *Daughenbaugh* is no longer good law. *Williams*, 483 Mich at 226, 238-239. Finally, defendant correctly notes that "some errors cannot be cured with an instruction." It is well established, however, that "[j]urors are presumed to follow their instructions, and jury instructions are presumed to cure most errors," *People v Zitka*, 335 Mich App 324, 348; 966 NW2d 786 (2020) (quotation marks and citation omitted), and defendant provides no explanation as to why the jury instructions here were insufficient to cure any misjoinder-related error.

In sum, because defendant's absconding and possession charges were related under MCR 6.120(B), his trial counsel's stipulation to join the two cases for trial did not fall below an objective standard of reasonableness. And even if it did, defendant cannot demonstrate that it is reasonably probable that the outcome of the charges against him would have been different but for the stipulation. Accordingly, defendant has not overcome the strong presumption that he received effective assistance of counsel.

## III. CONCLUSION

For these reasons, we affirm.

/s/ Stephen L. Borrello
/s/ Philip P. Mariani
/s/ Christopher M. Trebilcock

-4-