*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

DOUGLAS BAIN THWAITES,

        Defendant-Appellant.

UNPUBLISHED
June 18, 2026
11:55 AM

No. 372892
Ingham Circuit Court
LC No. 23-000052-FC

Before: CAMERON, P.J., and BOONSTRA and SWARTZLE, JJ.

PER CURIAM.

Defendant appeals by right his jury trial convictions and sentences for unlawful imprisonment, MCL 750.349b, and first-degree criminal sexual conduct (CSC-I) (multiple variables), MCL 750.520b(1)(c). Defendant was sentenced, as a fourth-offense habitual offender, MCL 769.12, to 200 to 720 months' imprisonment for his unlawful imprisonment conviction, and 480 to 960 months' imprisonment for his CSC-I conviction.[1] We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of a violent relationship between defendant and the victim. Defendant and the victim had been dating for about three years and lived together. In September 2022, over the course of a two-day period, defendant physically and sexually assaulted the victim in their home. The victim claimed that defendant confined her in the house, slapped, punched, and headbutted her, and reported to police that he sexually penetrated her orally "several times" without consent. Defendant forced the victim to drive him to his mother's house, but the victim was able to stop at a drug store and run inside for help. Police eventually arrived at the drug store and arrested defendant.

---

[1] Defendant was also convicted of two counts of domestic violence, MCL 750.81(2), and sentenced to 93 days' imprisonment with 734 days of jail credit for each count. Defendant does not challenge these convictions or sentences on appeal.

-1-

The victim testified at trial about the assaults and defendant's history of violence toward her in the months leading up to the assaults. The victim's statements made to the police were also played for the jury without objection. The jury returned a guilty verdict on all four counts. During sentencing, defendant challenged the assessment of several offense variables (OVs). The trial court ultimately sentenced defendant as noted above. This appeal followed.

## II. INSUFFICIENT EVIDENCE

Defendant argues that the victim's testimony was insufficient evidence of "force or coercion" to support his CSC-I conviction. In terms of defendant's unlawful imprisonment conviction, defendant argues that the victim's testimony was not sufficient to establish defendant unlawfully restrained the victim's movement. We disagree.

### A. STANDARD OF REVIEW

"We review de novo a challenge to the sufficiency of the evidence." *People v Baskerville*, 333 Mich App 276, 282; 963 NW2d 620 (2020). We review evidence "in a light most favorable to the prosecutor to determine whether any trier of fact could find the essential elements of the crime were proven beyond a reasonable doubt." *Id*. (quotation marks and citation omitted). "The standard of review is deferential: a reviewing court is required to draw all reasonable inferences and make credibility choices in support of the jury verdict." *People v Bailey*, 310 Mich App 703, 713; 873 NW2d 855 (2015) (quotation marks and citation omitted).

### B. ANALYSIS

Defendant was found guilty of CSC-I under MCL 750.520b(1), which provides:

> (1) A person is guilty of criminal sexual conduct in the first degree if he or she engages in sexual penetration with another person and if any of the following circumstances exists:
>
> * * *
>
> (c) Sexual penetration occurs under circumstances involving the commission of any other felony.
>
> * * *
>
> (f) The actor causes personal injury to the victim and force or coercion is used to accomplish sexual penetration. Force or coercion includes, but is not limited to, any of the following circumstances:
>
> (*i*) When the actor overcomes the victim through the actual application of physical force or physical violence.

(*ii*) When the actor coerces the victim to submit by threatening to use force or violence on the victim, and the victim believes that the actor has the present ability to execute these threats.

"[I]t has long been settled that a complainant's testimony regarding a defendant's commission of sexual acts is sufficient evidence to support a conviction of CSC-I[.]" *Bailey*, 310 Mich App at 714. Further, this Court has held that "[t]he existence of force or coercion is to be determined in light of all the circumstances[.]" *People v Eisen*, 296 Mich App 326, 333; 820 NW2d 229 (2012) (quotation marks and citation omitted).

Here, the victim's testimony provided sufficient evidence to establish that he used force to accomplish sexual penetration. The victim testified that defendant pinned her to the bed and forced his penis into her mouth. Defendant also physically assaulted her causing various injuries, including bruising. Taking this evidence in the light most favorable to the prosecution, *Baskerville*, 333 Mich App at 282, we conclude that there was sufficient evidence to support defendant's CSC-I conviction.[2]

We further conclude that there was sufficient evidence of forcible restraint to support defendant's unlawful imprisonment conviction. MCL 750.349b provides, in relevant part:

(1) A person commits the crime of unlawful imprisonment if he or she knowingly restrains another person under any of the following circumstances:

\* \* \*

---

[2] In support of his contention that there was insufficient evidence to support his CSC-I conviction, defendant emphasizes that he stopped the assault when asked and that the victim testified that they had engaged in consensual sex during the two-day period as well. But these facts do not negate the victim's testimony that defendant forced her into engaging in oral sex. Moreover, to the extent defendant challenges the victim's "equivocal testimony," this is a challenge to her credibility, not to the sufficiency of the evidence.

Juries, not appellate courts, see and hear witnesses and are in a much better position to decide the weight and credibility to be given to their testimony. Where sufficient evidence exists, which may be believed by the jury, to sustain a verdict of guilty beyond a reasonable doubt, the decision of the jury should not be disturbed by an appellate court. [*Bailey*, 310 Mich App at 714 (quotation marks and citation omitted).]

Because defendant's CSC-I conviction was otherwise supported by the evidence, "we will not interfere with the jury's determinations regarding the weight of the evidence and the credibility of the witnesses[,]" *People v Unger*, 278 Mich App 210, 222; 749 NW2d 272 (2008), nor will we "interfere with the jury's role as sole judge of the facts[,]" *Bailey*, 310 Mich App at 714 (quotation marks and citation omitted).

(c) The person was restrained to facilitate the commission of another felony or to facilitate flight after commission of another felony.

\* \* \*

(3) As used in this section:

(a) "Restrain" means to forcibly restrict a person's movements or to forcibly confine the person so as to interfere with that person's liberty without that person's consent or without lawful authority. The restraint does not have to exist for any particular length of time and may be related or incidental to the commission of other criminal acts.

The victim's testimony sufficiently established that defendant knowingly restrained her and that this restraint facilitated his CSC-I conduct. Specifically, the victim testified that defendant prevented her from leaving his side throughout the two-day ordeal and that defendant threatened her if she tried to run away. Because the victim's testimony provided sufficient evidence from which the jury could conclude that defendant forcibly confined her in the house under threat and actual use of force by defendant, *Baskerville*, 333 Mich App 276, 282, there is no error warranting reversal.

## III. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant next argues that his trial counsel was ineffective for failing to object to the scoring of prior record variable (PRV) 7 and OV 11. We disagree.

### A. STANDARDS OF REVIEW

"The question whether defense counsel performed ineffectively is a mixed question of law and fact; this Court reviews for clear error the trial court's findings of fact and reviews de novo questions of constitutional law." *People v Trakhtenberg*, 493 Mich 38, 47; 826 NW2d 136 (2012). "A finding is clearly erroneous if the reviewing court has a definite and firm conviction that a mistake was made." *People v Allen*, ___ Mich App ___, ___; ___ NW3d ___ (2025) (Docket No. 352625); slip op at 7. Because defendant did not move for a new trial or a *Ginther*[3] hearing, appellate review of his claim is limited to mistakes apparent from the record. *People v Putman*, 309 Mich App 240, 247; 870 NW2d 593 (2015).

### B. ANALYSIS

"Both the Michigan and the United States Constitutions require that a criminal defendant enjoy the assistance of counsel for his or her defense." *Trakhtenberg*, 493 Mich at 51. To succeed on a claim of ineffective assistance of counsel, "a defendant must show that (1) counsel's

---

[3] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

performance fell below an objective standard of reasonableness and (2) but for counsel's deficient performance, there is a reasonable probability that the outcome would have been different." *Id.*

### 1. PRV 7

Defendant first argues that trial counsel was ineffective for failing to object to the erroneous assessment of 20 points for PRV 7 with regards to his CSC-I conviction. He contends that had trial counsel objected to the trial court's assessment of PRV 7, his sentence "would have been lower than the one that was actually imposed at sentencing[.]" But defendant does not explain how, even if PRV 7 was assessed differently, the trial court would have imposed a different sentence. By failing to explain how a change in the scoring of PRV 7 would result in the trial court imposing a lesser sentence, defendant has abandoned any argument with respect to the prejudice prong of his ineffective-assistance-of-counsel claim. See *People v Iannucci*, 314 Mich App 542, 545; 887 NW2d 817 (2016) ("An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give only cursory treatment with little or no citation of supporting authority.")

### 2. OV 11

Defendant also argues that trial counsel was ineffective for failing to object to the assessment of 50 points for OV 11. OV 11 is properly assessed at 50 points when "[t]wo or more criminal sexual penetrations occurred" during the commission of an offense. MCL 777.41. "In scoring OVs, a court may consider all record evidence, including the contents of a PSIR . . . ." *People v Horton*, 345 Mich App 612, 616; 8 NW3d 622 (2023). "The PSIR is presumed to be accurate unless the defendant effectively challenges the accuracy of the factual information." *People v Norfleet*, 317 Mich App 649, 669; 897 NW2d 195 (2016) (quotation marks and citation omitted).

Defendant's PSIR recommended that OV 11 be assessed at 50 points for both offenses. The PSIR's recommendation for this assessment relied on information taken from a police report, and included quotes directly from the report. The report unequivocally stated that the victim reported that defendant "shoved his penis down her throat several times." On appeal, defendant now claims that there was evidence at trial of only one sexual penetration, so OV 11 should have been assessed at zero points. But defendant does not challenge accuracy of the PSIR on appeal. Indeed, during sentencing defendant actually confirmed that the PSIR was factually accurate. Defendant, therefore, waived any claim that the trial court improperly scored OV 11. See *People v Spaulding*, 332 Mich App 638, 653; 957 NW2d 843 (2020) (holding that "[a] party's explicit and express approval" of a trial court's action "waives any error and precludes appellate review" of that action).

## IV. PROPORTIONATE SENTENCING

Finally, defendant argues that his sentences were disproportionate and unreasonable based on the insufficient evidence presented at trial, defendant's criminal history, and the length of his sentences. We disagree.

## A. STANDARDS OF REVIEW

"Sentencing decisions are reviewed for an abuse of discretion." *People v Boykin*, 510 Mich 171, 182; 987 NW2d 58 (2022). "An abuse-of-discretion standard recognizes that there may be more than one principled outcome and the trial court may not deviate from that principled range of outcomes." *Id*.

## B. ANALYSIS

The "principle of proportionality requires sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender." *People v Steanhouse*, 500 Mich 453, 474; 902 NW2d 327 (2017) (quotation marks and citation omitted). A within-guidelines sentence is presumptively proportionate. *People v Posey*, 512 Mich 317, 360; 1 NW3d 101 (2023). To rebut this presumption, a defendant must show that unusual circumstances render his or her sentence disproportionate. *People v Burkett*, 337 Mich App 631, 636-637; 976 NW2d 864 (2021).

Defendant first contends that his sentences are disproportionate to his convictions because they were based on insufficient evidence. As explained, defendant's sufficiency claim lacks merit. Defendant also argues that his sentences are disproportionate because his criminal history did not justify his sentences and, considering his age, his sentences constitute cruel and unusual punishment. But defendant fails to explain how his three prior felony convictions—which arose from his criminal sexual conduct with a minor—and his three misdemeanor convictions constitute unusual circumstances that render his sentence disproportionate. He similarly fails to explain how his age constitutes an unusual circumstance, and this Court has already rejected the argument that a defendant's age is sufficient to overcome the presumptive proportionality of a sentence. See *People v Bowling*, 299 Mich App 552, 558-559; 830 NW2d 800 (2013). Finally, defendant makes no argument as to why the lengths of his sentences, standing alone, render them disproportionate. Because "[a]n appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims," *Iannucci*, 314 Mich App at 545, defendant's arguments are abandoned, and he has failed to rebut the presumption of proportionality.

Affirmed.

/s/ Thomas C. Cameron
/s/ Mark T. Boonstra
/s/ Brock A. Swartzle

-6-